MARTHA S. MEAD, RESPONDENT, *v.* JOHN LANGFORD, IMPLEADED WITH CORBIN WILLARD AND OTHERS, APPELLANTS.

*County Court — power to reform a written instrument, as incidental to its enforcement.*

A County Court has jurisdiction to reform the condition of a bond secured by a mortgage upon real estate, as incidental to its right to decide an action brought to foreclose such mortgage under the power of sale contained therein.

APPEAL by the defendants, upon questions of law and upon the facts, from a final judgment entered, in the above-entitled action, on the 25th day of July, 1888, in the office of the clerk of the county of Chautauqua.

The action was brought for the foreclosure of a mortgage and the reformation of the condition of the bond or obligation, to which it was collateral, so that the latter should state that the principal sum secured thereby should draw interest from the date of said bond until the whole principal sum was fully paid and satisfied.

*A. Moot*, for the appellants.

*A. C. Wade*, for the respondent.

DWIGHT, P. J. :

The principal question presented by this appeal is whether a County Court, of the proper county, has jurisdiction to reform the condition of a bond, secured by a mortgage of real estate, as inci-

dental to an action to foreclose such mortgage under the power of sale which it contains.

The defendant pleaded a tender, shortly before the commencement of the action, of the amount which he admits to have been then due on the bond, according to its terms, and his counsel argues, that by reason of such tender the plaintiff could have no cause of action for the foreclosure of the mortgage until after the reformation of the bond, and, therefore, that the reformation of the bond was not incidental to the foreclosure of the mortgage, but was itself the chief and primary object of the plaintiff's action. It is not necessary to consider whether this argument is sound, because there is no finding that any tender was made, nor any request for such a finding, and there is no evidence upon which the fact could have been found. The only evidence relating to a tender is that of the witness Maltby, who testified that he was the assignee for the benefit of creditors of the defendant Langford. He was asked : " As such assignee, did you tender, either by yourself or other, and were you present at the time of the tender made to Mr. Wade of $190 ? " to which he answered, " Yes, sir." Who was the Mr. Wade here mentioned, and for whom or on what account a tender was made to him, is not explained. There is nothing to connect Mr. Wade with the plaintiff, nor the tender with the plaintiff's cause of action. We have the case, then, of a mortgage securing a bond upon which a balance is conceded to be due and unpaid. The plaintiff had, therefore, a cause of action for the foreclosure of her mortgage; the question is whether she may have, in the same action in the County Court, a reformation of the condition of the bond, which is necessary in order to ascertain what is the amount due according to the contract actually made between the parties.

We can have no doubt upon this question. By express provision of the statute (Code of Civil Pro., § 340) the jurisdiction of each County Court extends to an action for the foreclosure of a mortgage upon real property situated within the county; and section 348 provides, that in such action the County Court " may render any judgment, or grant either party any relief, which the Supreme Court might render or grant in a like case."

This language is very comprehensive, and it is, we believe, conceded that it embraces every kind of relief which may properly be

said to be incidental to the foreclosure, even though such relief might be made the subject of an independent action. Such was the view of the court in the two cases of *Avery* v. *Willis* (24 Hun, 548) and *Thomas* v. *Harmon* (46 id., 75). Both of those cases were held to be not within the rule, because the reformation there asked for, was not incidental to the action of foreclosure. In the former case reformation of the mortgage itself was asked for, to locate the land conveyed, without which the mortgage created no lien on any piece of land and no foreclosure could be had, and the proceeding to obtain the reformation was held to be primary in purpose and importance. In the latter case the reformation asked for, was also of the mortgage itself and would have the effect to extend its lien to land not at all embraced in the conveyance as executed. Both cases are clearly distinguished from this; the reformation here decreed does not affect the lien of the mortgage, but only the amount of interest which the plaintiff was entitled to recover. A cause of action, for the foreclosure of the defendant's equity of redemption in the whole of the land embraced in the judgment, existed without the reformation of the bond; the decree in the latter respect only determined the period for which interest was to be computed.

We think this relief was strictly incidental, secondary and ancillary to the proceeding to foreclose the mortgage, and that it was clearly within the jurisdiction of the County Court, as defined by section 348 of the Code of Civil Procedure (*supra*).

The evidence in support of the allegation of a clerical error in drafting the condition relating to interest, though, perhaps, open to discussion, was, we think, sufficient to uphold the finding of the court in that respect.

The judgment of the County Court must be affirmed.

MACOMBER and CORLETT, JJ., concurred.

Judgment appealed from affirmed, with costs.