ARTHUR E. BROWNE, as Trustee under a Deed of Trust Made by FRANCES M. BROWNE, Respondent, *v.* MARIA R. PERRIS, Individually and as Administratrix, etc., of WILLIAM G. PERRIS, Deceased, and JANE E. PERRIS, Appellants.

*Mortgage purchased by the owner of the mortgaged premises, to hold "as a muniment of title," passes with the real estate to the heir-at-law of the purchaser.*

Certain land was purchased, subject to the lien of a mortgage thereon which the purchaser subsequently paid to the mortgagee and took an assignment thereof in the following terms: "To have and to hold the same unto the said party of the second part, his executors, administrators and assigns, forever, as a muniment of title, and not to merge in the fee of the land covered thereby which is now owned by the said party of the second part;" the printed word "heirs" in the assignment, before the word executors, was stricken out. The purchaser subsequently died intestate.

*Held,* that, under the circumstances, the interest represented by the mortgage passed with the real estate to the heirs-at-law, and that the mortgage would not be considered as a charge upon the land, except so far as it might be necessary to enforce the same in order to protect the title thereto. (Barrett, J., dissenting.)

Appeal by the defendants from a judgment, order or decree, entered in the office of the clerk of the county of New York on July 5th, 1889, after a trial of the issues in this action at a Special Term held in the county of New York.

The action was brought to determine the ownership, as between the heir represented by the plaintiff, and the personal representative, the defendant Maria E. Perris, administratrix, of a bond and mortgage which had been assigned by the New York Life Insurance Company to William G. Perris, the testator.

*W. W. Niles* and *Asahel S. Levy*, for the appellants.

*John Aitken*, for the respondent.

VAN BRUNT, P. J.:

In the year 1878 one William G. Perris acquired by purchase a certain lot of land situate on Second avenue, near One Hundred and Twenty-fourth street, in the city of New York. At the time of his acquiring the title to said land the same was subject to the lien of a certain mortgage made by one Hanson and wife to the Manhattan Savings Institution to secure the payment of the sum of $4,000 and interest, mentioned in a certain bond of said Hanson, bearing date August 31, 1870.

In March, 1879, the Manhattan Savings Institution duly assigned the said bond and mortgage to the New York Life Insurance Company. In November, 1886, Perris, being still the owner of said premises, paid to the New York Life Insurance Company the sum of $4,116, and received from said company an assignment of said bond and mortgage, the habendum clause in which assignment is as follows : " To have and to hold the same unto the said party of the second part, *his* executors, administrators and assigns forever *as a muniment of title, and not to merge in the fee of the land covered thereby, which is now owned by the said party of the second part*, subject only to the proviso in the said indenture of mortgage mentioned."

The said instrument of assignment was a printed blank, and the words underlined were written into said instrument. Prior to the word " executors" was also printed the word " heirs," and this word was erased.

Mr. Perris died intestate subsequent to the delivery to him of said assignment, and without having parted with said mortgage or the said real property.

The premises thereupon descended to his heirs, being his mother, the defendant, Jane E. Perris, for life, and his sister, Frances M. Browne in fee, subject to the dower rights of his widow, who thereafter qualified as administratrix of the personalty of the deceased. Frances M. Browne conveyed and assigned to the plaintiff all her right, title and interest in and to said estate, real and personal. The

administratrix claiming the said bond and mortgage as part of the personal estate of said intestate, this action was brought whereby the plaintiff prayed judgment that the bond and mortgage be declared to be a muniment of title of William G. Perris and his heirs and their assigns, and that said mortgage ceased to be a lien upon said premises, except against such persons as might claim or assert title thereto adverse to the title of said Perris and his heirs or assigns, and that said plaintiff be adjudged to be entitled to the possession of said bond and mortgage and of the assignment thereof. The defendants, by their answer, admitted the facts above stated, and prayed the judgment of the court that said bond and mortgage be declared to be a valid and existing lien upon the premises mentioned in the complaint.

Upon the trial the court adjudged that said bond and mortgage were assigned to and vested in said Perris as a muniment of his title and for the purpose of protecting and defending the same, that upon his decease the said property descended to his heirs-at-law subject to the right of dower of the widow, and that said heirs-at-law to whom said fee descended thereupon became entitled to the custody of said bond and mortgage, together with the said assignment thereof, and that the said administratrix had no right, title or interest in the same, and that the plaintiff was entitled to the possession and control of said bond and mortgage for the purpose of use as a muniment of title, and from the judgment thereupon entered this appeal is taken.

It is urged upon this appeal, that it appears distinctly that the deceased procured the assignment of this mortgage for the purpose of keeping it alive as a muniment of title, which it could not be if it was paid and canceled; but that there was nowhere shown any intention to deprive his personal representatives of its administration or to prevent the parties entitled to receive his estate according to the statutes of distribution; but that the contrary intent is plainly proved, because he struck out from the assignment the word "heirs" and made it read by affirmative act "executors, administrators and assigns."

It must undoubtedly be conceded that had this mortgage been assigned simply to the owner of the fee at the time it was paid by him, it would have merged and thereby become extinct, and could

not have been made available for any purpose in connection with the title of the premises named therein. The owner of the fee, evidently conscious of this fact at the time he paid the mortgage, took an assignment, by the very terms of which the ordinary legal result would not follow. It was expressly provided that by the assignment of this bond and mortgage to the owner of the fee, it should not merge in the fee of the land covered thereby, but that it should be held by him as a muniment of title. The fact that the words "executors, administrators and assigns" were left in the instrument, being a part of the printed portion of the instrument, does not overcome the express provision contained in the instrument that this bond and mortgage was to serve as a muniment of title. The fact that the word "heirs" was stricken out does not seem to us to be so pregnant in import as is claimed by the appellant.

It is evident that the draughtsman struck out the word "heirs," because, under ordinary circumstances, a bond and mortgage which is assigned goes to the executors, administrators and assigns of the assignee, and not to his heirs in case of his decease while holding the same. But, in as forcible language as could be employed, the assignee of the bond and mortgage, being the owner of the fee of the land covered thereby, by the very instrument through which he is clothed with the title, states that it is not to merge in the fee because he desires to use it as a muniment of title. It is not that he desires to keep it outstanding for any other purpose, or that it should descend to his personal representatives, but that it should be a muniment of title; in other words, that it should go with the title to fortify it into whosoever hands the title might fall through him. He thereby attached the bond and mortgage to the title of these premises. He prevented its merging, because he expressed his intention that it should not merge. He did not keep it alive generally in order that he might assign it to whom he might please; but he kept it alive for a specific purpose, and for none other, viz., for the purpose of fortifying his title.

Under these circumstances, it is difficult to see how his object and intention could be perverted by allowing the bond and mortgage to be separated from the title to the land, as a muniment of title to which it was expressly provided that it should be held. We think there was a clearly expressed intention, in the form of the instru-

ment itself, that that bond and mortgage and the title to these premises should descend together, and that it should not be in any manner considered as a charge upon the land, except so far as it might be necessary to enforce the same to protect the fee of the land which might be acquired through him.

The question as to whether it would be equitable or inequitable to take away all the property of the wife and mother for the benefit of the sister cannot enter into the consideration of this case. It is simply a question of intention, and that intention seems to us to be so absolutely, clearly expressed upon the face of this assignment that no doubt can be entertained in respect thereto.

The judgment should be affirmed, with costs.

BARTLETT, J., concurred.

BARRETT, J. (dissenting):

I confess that my impression upon the argument was that the mortgage in question passed to the heirs of William G. Perris as a so-called muniment of title. The idea that these heirs should take the fee with precisely the same concomitants as their ancestor was attractive, and it seemed to satisfy the natural equities of the case. Upon reflection, however, I am convinced that this position is unsound. Mr. Perris could, undoubtedly, purchase an existing mortgage upon his property without necessarily causing a merger. And in the present instance he has clearly expressed his intention against any such merger. All this Mr. Perris could do. But what he could not do was to change the legal characteristics of the purchased security. The mortgage was essentially a chose in action, and, although by its assignment to himself, Mr. Perris became a mortgagee in possession, yet he thereby acquired no estate in the land. (*Trim* v. *Marsh*, 54 N. Y., 607.) In this case EARL, J., said : " I am of opinion that the mortgagee (in possession) has no estate in the land which can be sold on execution. His interest is a mere chose in action, a debt secured by a pledge of real estate. His debt is not merged in the real estate by the possession ; " and again : " If the mortgagee should die in possession, the debt would still go to his personal representatives to be administered as personal estate, and the mortgagor's title would go to his heirs."

It follows from this that Mr. Perris held the mortgage as an

unmerged and separately-existing chose in action. Now, it could not well be alive for one purpose and dead for another. Mr. Perris took it, in the language of the assignment, "to have and to hold forever *as a muniment of title*." But he took and held it none the less absolutely and without limitation. It was, in fact, its absolute ownership, treated as a valid existing security, which alone gave it force as a muniment of title. Indeed, this mortgage was in no just sense a muniment of title at all, much less, as the respondent puts it, an heir-loom. It was simply a means of foreclosing, and thus acquiring a title ante-dating that of Mr. Perris.

To accomplish this, however, the mortgage had to be alive; and, if alive for that purpose, it was equally alive for the purposes of sale, transfer and transmission. It comes to this, that the words "as a muniment of title" are simply expressive of the assignee's object in making the purchase in that form. He, in effect, says: "I shall not satisfy this mortgage, nor shall I permit its extinguishment by merger. I shall purchase it and keep it separate, so that if hereafter I need to use it to sustain my title I may do so; and that is the sole use to which hereafter I mean to put it." But there was in this no legal limitation upon another use, nor could there be. He could have changed his mind and reissued it. And he could have bequeathed it. It seems clear to me that, under such circumstances as those disclosed by this record, the assigned mortgage was simply personalty in Mr. Perris' hands; and that upon his death, intestate, it went to his personal representatives. It could not descend to his heirs, because it was not real estate. It was not attached to the realty as an appurtenance, nor could it be so attached. Any attempt to blend it with the realty would effect a merger. Indeed, the only way the heir could be placed in Mr. Perris' position was by a bequest to him of the mortgage. In that case, however, the heir would have taken it as personalty, and he could use it to fortify his title, or otherwise as he saw fit. In the absence of such a bequest there is no other place for it in the law except that occupied by all other choses in action of the deceased assignee.

In my opinion, the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

Judgment affirmed, with costs.