(43 App. Div. 348.)

PEOPLE'S TRUST CO. v. HARMAN et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. MORTGAGES—DISTRIBUTION OF SURPLUS.

   Since, under Code Civ. Proc. § 348, a county court having jurisdiction to foreclose a mortgage possesses the same power as the supreme court, and may render any judgment or grant any relief which it might render, a county court may, in such proceedings, appoint a trustee to distribute surplus moneys among beneficiaries of an estate, as against them, though there be an executor.

2. TRUSTS—TRUSTEE—BENEFICIARIES—DISTRIBUTION OF FUND—COSTS.

   Where beneficiaries contested the method of distributing a fund in the hands of a trustee appointed by the court, and such trustee brought suit for distribution, an award of costs is within the discretion of the trial judge.

3. TRUSTS—TRUSTEE—BENEFICIARIES' INTEREST—ASSIGNMENT.

   Where an assignment of the interest of a beneficiary of an estate to the trustee of the estate was found among the estate's papers, and there was no proof of delivery, consideration, or fairness, such assignment is invalid.

4. SAME—CONSTRUCTION.

   Where a beneficiary assigned her interest in her mother's estate, such assignment conveyed only the share devised to her by her mother's will, and not her mother's estate inherited through her father.

Appeal from special term, Kings county.

Action by the People's Trust Company against Jacob Harman and others for the distribution of a trust fund. From a judgment directing distribution, entered on the report of a referee, defendants appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James D. Bell, for appellant Schwalbach.

John H. Corwin, for appellant Smith.

T. Ellet Hodgskin, for respondent Trust Co.

George H. Harman, for respondents Harman and others.

Roger S. Baldwin, for respondent Kuhl.

GOODRICH, P. J. The plaintiff is in possession of a fund of about $5,000, which it claims to have received as substituted trustee under the will of Margarethe Heermann (or, as she was sometimes called, Margaret Harman), deceased. This action is brought to settle the accounts and distribute the fund among the parties entitled thereto. The action was referred, and upon the report of the referee a judgment was entered ordering, among other things, payment of two-sixteenths of the fund to Ida S. Smith, and two-sixteenths to George A. Kuhl. From this part of the decree the defendant Sarah E. H. Schwalbach appeals. This appeal brings up all the evidence in the record. The defendant Ida S. Smith also appeals, on the judgment roll alone, on the ground that the complaint states no cause of action as to her, and on the ground that the plaintiff is not a substituted trustee under the will of Mrs. Harman.

Mrs. Harman died in 1887, leaving a will, which was duly admitted to probate by the surrogate of the county of Kings; and

letters testamentary were issued to Andrew Harman, Sr., Jacob Harman, and Margaret Kuhl. Andrew Harman, Sr., and Mrs. Kuhl died in May, 1898, leaving Jacob sole surviving executor. The testatrix devised her real estate to her executors, to pay the income to her husband, Andrew Harman, Sr., during his life, and upon his death to sell the same and divide the proceeds among certain persons named in the will. Two-sixteenths of the proceeds of the real estate were to be paid to Margaret Kuhl, one-sixteenth to Sarah E. H. Schwalbach, and one-sixteenth to Andrew Harman, Jr. Margaret Kuhl died intestate on May 13th, leaving two children, the defendants Ida S. Smith and George A. Kuhl, her only heirs at law. Andrew Harman, Jr., died in May, 1895, leaving a widow and a daughter, the defendant Sarah E. H. Schwalbach. Among the property left by Margaret Harman was a house, No. 203 South Ninth street, Brooklyn, on which there was a mortgage. This mortgage was foreclosed in an action in the county court of Kings county; the final judgment directing the treasurer of the county of Kings to pay the balance of surplus moneys to the executors of Mrs. Harman's will, upon their filing a bond for the faithful discharge of their trust, and, in default of giving such bond, to "pay such balance of said surplus money to the People's Trust Company, to be by such company held and invested, as trustee thereof, upon the trust in said will declared, and the income applied to the use of Andrew Harman during his natural life." This fund was paid to the plaintiff in 1890, and it paid the income to Andrew Harman, Sr., during his life.

Jacob Harman, the only surviving executor, does not question the validity of the substitution by the court of the plaintiff in the place of the executors named in the will. The only party who raises any objection is the defendant Ida S. Smith, and the ground of her appeal has already been stated. As to the question of the power of the county court to substitute the plaintiff as trustee, it is sufficient to say that, inasmuch as that court had jurisdiction of the action, it possessed the same—

"Jurisdiction, power, and authority in and over the same, and in the course of the proceedings therein, which the supreme court possesses in a like case; and it may render any judgment, or grant either party any relief, which the supreme court might render or grant in a like case, and may enforce its mandates in like manner as the supreme court. And the county judge possesses the same power and authority, in the action or special proceeding, which a justice of the supreme court possesses, in a like action or special proceeding, brought in the supreme court." Section 348, Code Civ. Proc.

In Mead v. Langford, 56 Hun, 279, 9 N. Y. Supp. 586, the court, referring to this section of the Code, said:

"This language is very comprehensive, and embraces every kind of relief which may properly be said to be incidental to the foreclosure, even though such relief might be made the subject of an independent action."

It is, however, somewhat immaterial, except possibly on the question of costs, whether or not the plaintiff holds the fund as substituted trustee under the will; for it holds it under the order of the court, and as depositary, and all parties in interest are before

the court. Several distinct interests are contesting the proper method of distributing the fund. Such a contest justifies the bringing of this action, and costs under such circumstances are in the discretion of the court. The entire costs awarded to the parties amounted to upwards of $1,000, about one-half of which is payable to the plaintiff, the balance to the several parties who have appeared in this action. We think this award of costs was within the discretion of the court, and with the exercise of that discretion we are not disposed to interfere.

The defendant Mrs. Schwalbach appeals from the part of the decree which awarded to Ida S. Smith and George A. Kuhl each two-sixteenths of the fund. Mrs. Schwalbach took one-sixteenth of the fund under the will. She also inherited the one-sixteenth which was by the will bequeathed to Andrew Harman, Jr., her father, who died, leaving her his only heir at law. She thus became entitled to two-sixteenths. These two shares are claimed by George A. Kuhl and Ida S. Smith, children of Margaret Kuhl, under an assignment which they claim was made to their mother by Mrs. Schwalbach. Benjamin Baker, who has been all the time attorney of the executors and trustees, and had charge of the papers of the estate of Margaret Harman, produced, under subpoena, an assignment, dated October, 1887, from the defendant Sarah E. H. Schwalbach to Margaret Kuhl, individually, which purported to assign to the latter "all my legacy or legacies and interest of every name and nature which I now have or may at any time be entitled to under and by virtue of the provisions of the last will and testament of Margaret Harman, late of the city of Brooklyn, deceased, and all sums of money or other property, real or personal, now due or to grow due on account thereof, giving and granting unto the said Margaret Kuhl the same rights and interests therein as I have by reason of the provisions, devises or bequests in my favor contained in said will, or the interest that I have or may be entitled to in the estate of said Margaret Harman, deceased." It does not appear that this document ever came into the possession of Mrs. Kuhl. It was only stated to have been found by Mr. Baker among the papers belonging to the estate of Margaret, the testatrix. Mrs. Schwalbach's contention is, first, that there was no delivery of the assignment to Mrs. Kuhl, and that, the latter being trustee, the duty is cast upon her and those taking under her to show the fairness of the transaction, and that there is no evidence in the case to establish such fairness; citing Cowee v. Cornell, 75 N. Y. 91, where Judge Hand said:

"But the principle with which we are now concerned does not absolutely forbid the dealing, but it presumes it unfair and fraudulent unless the contrary is affirmatively shown. * * * The law presumes, in the case of guardian and ward, trustee and cestui que trust, attorney and client, and perhaps physician and patient, from the relation of the parties itself, that their situation is unequal, and of the character I have defined; and that relation appearing itself throws the burden upon the trustee, guardian, or attorney of showing the fairness of his dealings."

In Re Smith's Will, 95 N. Y. 516, Judge Andrews, speaking of this subject, said (page 522):

"This rule does not proceed upon a presumption of the invalidity of the particular transaction, without proof. The proof is made in the first instance when the relation and the personal intervention of the party claiming the benefit are shown. The law is not so impracticable as to refuse to take notice of the influence of greed and selfishness upon human conduct, and, in the case supposed, it wisely interposes by adjusting the quality and measure of proof to the circumstances, to protect the weaker party, and, as far as may be, to make certain that trust and confidence have not been perverted or abused."

As the record contains no evidence whatever tending to establish the fairness of this transaction between the trustee and the cestui que trust, the authorities cited compel the determination that the assignment is invalid, all the more that there is no proof of its consideration or of the delivery to Mrs. Kuhl.

It is proper to say, in addition to this conclusion, that while, if otherwise valid, the assignment would have transferred the interest which the defendant Schwalbach took directly under the will of Mrs. Harman, it would not convey any interest or estate of Mrs. Schwalbach expectant upon the death of her father, as this interest was a mere expectancy, which might or might not materialize, depending upon the testacy or intestacy of the father. "Nemo est hæres viventis." This expectancy was not in terms included or described in the assignment to Mrs. Kuhl. The interest attempted to be conveyed thereby and defined therein was confined to the share devised to her by the will, and not to the share of her father thereunder.

The judgment should be modified so that the defendant Sarah E. H. Schwalbach shall receive two-sixteenths of the fund, viz. one of the two-sixteenths awarded to George A. Kuhl and one of the two-sixteenths awarded to Ida S. Smith, and as modified the judgment should be affirmed, with costs of the appeal to the defendant Sarah E. H. Schwalbach out of the fund. All concur.