## McCORMICK et al. v. SHANNON.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

GUARDIAN AND WARD—BUYING WARD'S PROPERTY AT FORECLOSURE SALE.

Where a guardian in good faith bid in his wards' property at a fore-closure sale, advancing the money for the price, and took title in his own name, and it is' apparent that his wards would have lost the property and would have realized no surplus, had he not. advanced the money, he should be allowed interest on the advancement, where he makes no claim to the land and is ready to transfer it to his wards.

Appeal from Special Term, New York County.

Action by Mary Elizabeth McCormick and another, by guardian ad litem, against William N. Shannon. From part of an interlocutory judgment for plaintiffs, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Daniel F. Kiely, for appellant.
Charles O. Mass, for respondents.

PER CURIAM. It is conceded that the defendant, notwithstanding his fiduciary relation, acted in good faith in bidding in the real property of these plaintiffs sold at foreclosure sale, and no question is made that the money which he advanced to protect their interests should be repaid to him. The trial court was of opinion that interest could not be allowed to him on these advancements, because he took title in his own name and appropriated the rents to himself. Ordinarily this would be the rule, but under the peculiar circumstances of this case we think interest should have been allowed.

It is quite apparent that the plaintiffs would have lost the property at the foreclosure sale, and would have realized no surplus, had not the defendant advanced his own money and purchased the property. He made the mistake of taking the title in his own name, possibly to protect the money he had advanced; but he now makes no claim to it, and is ready to transfer it to his wards. We think an allowance of interest at the rate of 4 per cent. on the moneys advanced would be just and equitable. There is no reason why the surplus moneys on hand should not be immediately applied toward liquidation of defendant's claim. The provision of the judgment charging defendant with the legal rate of interest on rents received by him was proper, and is not appealed from.

The interlocutory judgment should be modified, by providing that defendant be allowed interest at the rate of 4 per cent. per annum on the moneys advanced by him, and by also providing that the surplus moneys be immediately applied toward liquidation of defendant's claim, and, as so modified, the judgment is affirmed, with disbursements only to appellant, to be deducted from his indebtedness for rents.

---

HOLL et al. v. BUILDERS' CONST. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

COSTS—PRINTING—UNNECESSARY RECORD ON APPEAL.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 968–971.]

Appeal from Trial Term, New York County.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.