#### CURTIS v. DOUGLASS.

(City Court of New York. April 1, 1911.).

BILLS AND NOTES (§ 443*)—ACTIONS—PARTIES—REAL PARTY IN INTEREST.

One to whom a bill of exchange has been properly indorsed, after maturity and without consideration, to enable him to sue thereon for collection, is a real party in interest, under Code Civ. Proc. § 449, so as to entitle him to maintain the action; plaintiff being the real party in interest, if he has legal title by written transfer or delivery, irrespective of any equities of his assignor.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1423; Dec. Dig. § 443.*]

Action by Thomas C. Curtis, Jr., against James Douglass. Judgment for plaintiff.

Plaintiff is assignee of the drawer of a bill of exchange, which was accepted, but not paid, by defendant. The plaintiff, who was an attorney at law, admitted that the bill was assigned to him after maturity, without consideration, and for the sole purpose of collection; no question being raised, however, as to the validity of the assignment.

Hornblower, Miller & Potter, for plaintiff.
Edward Stetson Griffing, for defendant.

LYNCH, J. The facts being undisputed, the defendant rests his case solely upon the contention that the plaintiff is not the real party in interest, and therefore cannot bring suit on the bill of exchange which he now holds. Before the plaintiff is entitled to judgment he must show that the legal title to the instrument upon which he sues is in him, and that the defendant is the debtor under said instrument, and that payment upon the same by this defendant discharges him from further liability thereunder. The facts establishing these elements of the plaintiff's case are conceded by the parties herein, and it is no concern of the court, or the debtor, for that matter, how the person holding the legal title acquired it, or whether he paid value therefor or not. Wies v. Levy, 106 App. Div. 500, 94 N. Y. Supp. 857. Mere motive in enforcing the claim or making the transfer which vests legal title in the party seeking to enforce the claim is of no consequence, as it rests upon the obligation of the debtor to pay. Morris v. Tuthiel, 72 N. Y. 575. It is sufficient to make the plaintiff the real party in interest if he had the legal title, either by written transfer or delivery, whatever may be the equities between him and his assignor. Hays v. Hathorn, 74 N. Y. 489. I am therefore of the opinion that the law of this state now holds that a person to whom a bill of exchange has been properly indorsed after maturity and without consideration, for the sole purpose of bringing suit thereon, is the real party in interest under section 449 of the Code, and is entitled to bring suit against the debtor thereon. Sheridan v. Mayor, etc., of New York, 68 N. Y. 30. It is true that the defendant has presented authorities to the court which indicate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a different rule. However, I do not believe that the facts upon which those cases are founded are similar to the one at bar, and must be distinguished.

Judgment, therefore, for plaintiff for the sum of $1,339.03.