BERTHA F. THORBURN and Another, as Executors, etc., of MATILDA B. WENDE, Deceased, Respondents, *v.* HARRY WENDE and Another, Appellants, and JOHN A. WENDE and Others, Respondents.*

Fourth Department, May 11, 1932.

* Modfg. 141 Misc. 52.

*Joseph Swart* [*Emanuel Boasberg, Jr.,* of counsel], for the appellants.

*Lafay C. Wilkie,* for the plaintiffs, respondents.

*Francis W. Cullen* [*Henry W. Pottle* of counsel], for the respondent John A. Wende.

*Charles A. Hahl,* for Charles A. Hahl and another, as executors, etc.

EDGCOMB, J.   This action was brought by Matilda B. Wende, widow of John Wende, deceased, to recover her dower interest in certain real estate of which her husband died seized.   Mrs. Wende died after the trial and entry of judgment, and her executors have been substituted in her place and stead.

The question involved upon this appeal is whether a mortgage, which was on the property at the time Mr. Wende acquired title thereto, and which he assumed and agreed to pay, and which has never been discharged of record, is still a lien on the premises, or whether it has been extinguished by merger.

Mr. and Mrs. John Wende were married on the 24th of April, 1917.   Thereafter, and in 1923, Mr. Wende purchased the real estate in question, and assumed and agreed to pay a mortgage of $5,000 which was on the property at the time, and which was held by the Albany County Savings Bank.   This mortgage, together with the accompanying bond, became due and payable on the 3d day of July, 1924, and on that day was assigned by the bank to Simon F. T. Wende, a son of John Wende by a former marriage and who actually paid the consideration for this assignment.

Simon F. T. Wende was a resident of California.   He died intestate on July 24, 1928, leaving no widow and no descendants.   His

property was more than sufficient to pay his debts, funeral bills and expenses of administration. Under the laws of California, John Wende, the father of decedent, was his sole heir and next of kin, and inherited all his property, both real and personal, including the mortgage in question. (Cal. Code Civ. Proc. § 1386, in effect at time of decedent's death; now Probate Code, § 225.)

On September 15, 1928, John Wende assigned and transferred to his daughter-in-law, Dixie Wende, the wife of his son Harry Wende, all his right, title and interest in and to the estate of Simon F. T. Wende. This instrument, while it fails to mention the mortgage in question by name, is comprehensive enough to transfer title thereto, if the mortgage had any validity, and was in existence at the date of the conveyance. No money was paid by Mrs. Wende for this assignment, but her father-in-law had a perfect right to make her a present of this property, if he so desired.

On March 8, 1930, John Wende died, and the defendants Charles A. Hahl and the Marine Trust Company of Buffalo were duly appointed executors of his last will and testament.

The official referee, to whom this case was referred, has held that said mortgage was merged in the fee to the property, and should be canceled and discharged of record, and that the widow's dower should be computed upon the value of the real estate free and clear of all liens and incumbrances. Dixie Wende's prayer for the foreclosure of said mortgage has been denied. Dixie Wende and Harry Wende, her husband, appeal.

At law, a merger takes place whenever a greater and a lesser estate meet in one and the same person, without any intermediate estate, in which case the lesser of the two estates is immediately swallowed up in the larger. Equity, however, does not look with especial favor upon such absorption, and, not being bound by the legal rule of merger, will treat the two estates as separate and individual, if the intention of the parties to preserve them as such is apparent, and justice requires it. (*Curtis* v. *Moore*, 152 N. Y. 159, 165; *Asche* v. *Asche*, 113 id. 232, 235; *Smith* v. *Roberts*, 91 id. 470, 475; *Sheldon* v. *Edwards*, 35 id. 279, 284, 285; *Clift* v. *White*, 12 id. 519, 526; *James* v. *Morey*, 2 Cow. 246, 284.)

Upon the death of Simon F. T. Wende the ownership of the mortgage in question became dependent upon the laws of California, where Simon resided, and where he died. Section 1384 of the Civil Code of California, as it existed on July 24, 1928 (now Cal. Probate Code, § 300), provided that the property of a person dying intestate passed to his heirs, subject to the Probate Court and to the possession of any administrator appointed by that court for the purpose of administration.

This provision has frequently been passed upon by the courts of California, and the law of that State seems to be well settled that, while the personal representative of a decedent's estate is entitled to possession of his property for purposes of administration, title thereto vests in his heirs or devisees the instant of decedent's death. Such title does not originate in the decree of distribution, but from the will or the statute. (*Raulet* v. *Northwestern, etc., Ins. Co.*, 157 Cal. 213, 227; *Bates* v. *Howard*, 105 id. 173, 183; *Martinovich* v. *Marsicano*, 137 id. 354; *State* v. *Miller*, 149 id. 208, 210; *Western Pacific Ry. Co.* v. *Godfrey*, 166 id. 346, 349; *Estate of Yorba*, 176 id. 166, 169; *Schade* v. *Stewart*, 205 id. 658, 660.)

It is apparent, therefore, that John Wende became the owner of this mortgage on July 24, 1928, the moment his son Simon died. He also owned the real property covered by the mortgage. The two estates were, therefore, vested in John Wende at the same time. At law this would constitute a merger, and the mortgage, the lesser estate, would cease to exist, because it would be swallowed up in the fee. In equity such a result would not necessarily follow. If it was the design of the parties that the mortgage should be kept alive, and that could be done without interfering with the rights of third parties, such intent will prevail, and the two interests will be treated as separate and distinct.

" Merger is essentially a matter of intention and where the intention to merge does not exist the doctrine is not operative." (*Shreve* v. *Harvey*, 74 N. J. Eq. 336, 349.)

The purpose of the parties will be gathered not only from their acts and declarations, but also from the situation as it affects their interest, before the right of any third person intervenes. (*Smith* v. *Roberts*, 91 N. Y. 470, 475.)

There can be no doubt that within two months after John Wende became the owner of this mortgage his intention was to keep it alive, for he assigned it to Dixie Wende. That purpose is again manifest in the following March, when he paid a year's interest on the obligation to his assignee. This is strong, if not conclusive, evidence of a design on his part to keep the mortgage alive. (*Coles* v. *Appleby*, 87 N. Y. 114, 118, 119; *Clark* v. *Glos*, 180 Ill. 556; *Security T. & Tr. Co.* v. *Schlender*, 190 id. 609, 613; 2 Pom. Eq. Jur. [4th ed.] § 792, note 3.)

Just when that intention was formed does not appear. So far as the evidence reveals, it was not made manifest prior to the assignment to Dixie Wende. The test which is ordinarily applied is the intention of the parties at the time the two estates meet in one and the same person, and not some subsequent purpose or design. (5 Thomp. Real Prop. § 4682; 2 Jones Mort. [8th ed.] § 1110.)

The facts in the case at bar are out of the ordinary. John Wende became the owner of this mortgage through no act of his own, but by reason of the death of his son and the laws of intestacy. His ownership was sudden and unexpected. He had no warning that it was to become his property. It is quite likely that he had actually owned the mortgage for some time before he was aware of the fact, or had had an opportunity to make up his mind whether he wanted the two estates to merge, or whether it would be to his advantage to keep them separate and apart. It would have been very difficult, if not impossible, for him to have evidenced any intent one way or the other the moment he acquired title to this mortgage. This is a far different situation from that which would exist where the owner of one estate came into possession of the other by his own voluntary act, in which case he would be fully cognizant of the situation, and would have an opportunity to promptly make up his mind what he wanted to do. The law is not unreasonable; it does not require the impossible. In a case of this character the owner of the two estates is not required to act before he knows what the situation is; he has a reasonable time in which to make up his mind whether he desires the lesser estate to merge in the greater, or whether he wants to keep it separate and alive. A delay of less than sixty days, under the facts in this case, is not an unreasonable time for one who unexpectedly comes into possession of a mortgage on his property, to determine how he wants to treat the obligation. Within that time he is at liberty, if he desires, and has not expressed a contrary design, to elect to keep the mortgage alive and separate from the fee, unless the rights of creditors or third parties have intervened. John Wende never indicated by word or deed any purpose to have this mortgage merge with the fee, and his first act bearing on his intent establishes his desire to keep the two estates separate and distinct.

Matilda B. Wende is in a far different position here from that of the defendants, who are the owners of the fee, as heirs of John Wende. She had a vested right in this real estate the very moment her husband acquired title thereto, but that right was subordinate to the lien of this mortgage, which was on the property when it was purchased. That right could not be taken away from her. If the mortgage was satisfied or discharged, her dower attached to the entire property, and the mortgage could not be reissued, so as to cut off her dower, without her consent. The very instant that mortgage vested in John Wende on the death of his son, and before Mr. Wende had a chance to make an election whether he would keep it alive or not, or to evidence that intent, his wife, a third person, acquired a certain additional interest in the property, her dower

attaching to the land free and clear of the lien of the mortgage. True, that interest was inchoate and contingent, but it was an interest just the same, and would have been seriously affected, if the mortgage was kept alive. Under such circumstances, merger will take place so far as her interest is concerned, and her dower will be held superior to the mortgage, and will attach to the property free and clear of the lien of the mortgage. (*Weis* v. *Levy*, 106 App. Div. 496, 500, 501.)

A different situation arises as to the owners of the equity of redemption, the heirs of John Wende. John Wende, if he were alive, could not be heard to say that this mortgage was not in full force and effect. He would be estopped from insisting, as against Dixie Wende, his assignee, that the mortgage had been swallowed up and merged in the fee. (*Salvin* v. *Myles Realty Co.*, 227 N. Y. 51, 56; *Kellogg* v. *Ames*, 41 id. 259, 264; *Powell* v. *Smith*, 30 Mich. 451; 2 Jones Mort. [8th ed.] § 1085.)

The heirs of John Wende who claim under him have no better standing here than he would have if he were alive. They stand in his shoes. They had no possible interest in this property when John Wende made his election to keep the two estates separate and distinct. As heirs they did not exist at that time. Their interest only came into existence when he died. (*Cushman* v. *Horton*, 59 N. Y. 149, 151.) A will takes effect at the date of the death of the testator. These defendant heirs had no interest, either contingent or vested, until March 8, 1930, the day John Wende died. That was long after Mr. Wende had declared his intention to keep this mortgage alive and separate from the fee to the property, and they took title to the property as it existed on the day of the death of their ancestor. Therefore, as to them, the estates may well stand together, and the mortgage be kept on foot to enable the assignee to whom it was assigned by the owner to enjoy and enforce her legal and equitable right thereto.

Appellants insist that the question of merger is not here, because the decree of distribution of the Superior Court of California, which adjudged that all the residue and remainder of the estate of Simon F. T. Wende, including the mortgage in question, should be. distributed to Dixie Wende, is conclusive upon the parties. Our attention has been called to numerous authorities in the State of California, holding that a decree of distribution is not subject to collateral attack, no matter how erroneous it may appear to be, and that it is binding upon all interested parties who had due notice of the petition. Plaintiff does not claim to be entitled to compute her dower upon the entire value of the property on the theory that she is an heir or legatee or devisee of Simon F. T. Wende, nor does

she claim any distributive share in his estate. Her interest is derived from the statutes of this State, which relate to real property located here. The California decree, therefore, is not binding or controlling in this action, and the authorities cited by appellants are not in point.

For the reasons above stated, I have reached the conclusion that the mortgage in suit did not merge and become a part of the fee, except as to plaintiffs' testatrix, Matilda B. Wende; that as to her her dower attaches to the real estate in question free and clear of the lien of this mortgage; that as to the defendants, the owners of the equity of redemption, the mortgage is a valid and existing lien, and may be foreclosed.

The judgment should be modified accordingly.

All concur.

On reargument, judgment modified so as to provide that the mortgage in question is a subsisting lien superior to the interests of Harry and John A. Wende, and as so modified affirmed, without other costs than those provided in the order of affirmance entered March 9, 1932 [235 App. Div. 757]. New finding of fact and conclusion of law made.