The Delaware National Bank of Delhi, N. Y., as General Guardian, etc., of Elaine E. Lepley, Now Elaine E. Taber, and Others, Plaintiff, *v.* Mary Lorene Lepley Wiss and Others, Defendants.

County Court, Delaware County, January 10, 1936.

*Hamilton J. Hewitt,* for the plaintiff.

*Searle & Searle,* for the defendant Stanley W. Lepley.

*Alfred H. Davis,* for Julia B. Marvin, as executrix of Hector S. Marvin, deceased (filing brief but not appearing).

O'CONNOR, J. This is an action brought by the plaintiff to foreclose a mortgage.

Hector S. Marvin on March 18, 1925, was, and for sometime prior thereto had been, president of the Delaware National Bank of Delhi, N. Y., and prior to that date had been appointed general guardian of the defendants Mary Lorene Lepley, Elaine Lepley Taber, William F. Lepley and Stanley W. Lepley. On March 18, 1925, Mary A. Lepley, the mother of said defendants, purchased a house and lot in the village of Delhi, N. Y., and on that date executed and delivered two purchase-money mortgages on said premises, one to Hector S. Marvin, as general guardian of her said children, for $2,500, and the other to Hector S. Marvin, individually, for $500. These mortgages were recorded on the same day at the same hour, to wit, December 29, 1926, at ten o'clock A. M. Hector S. Marvin died, testate, September 14, 1929, and on October 14, 1929, letters testamentary were issued on his estate to his wife, Julia B. Marvin. Mary A. Lepley, the mother of said defendants, died January 12, 1931, seized of said premises. The plaintiff was appointed guardian for the infant defendants Elaine E. Lepley Taber, William F. Lepley and Stanley W. Lepley on March 30, 1931. The defendant Mary Lorene Lepley Wiss became twenty-one years of age on March 29, 1930, and no guardian was appointed for her after the death of Hector S. Marvin.

The defendant Elaine Lepley Taber became twenty-one years of age June 4, 1922, and the defendant William F. Lepley became twenty-one years of age August 8, 1935. The defendant Stanley W. Lepley was eighteen years of age on April 14, 1935. Prior to the death of her mother, and on December 24, 1930, the defendant Mary Lorene Lepley Wiss, who was then twenty-one years of age, to secure the payment of the sum of $500 loaned to her by the Delaware National Bank of Delhi, N. Y., at that time, executed an instrument purporting to assign to said bank her interest in the bond and mortgage given by Mary A. Lepley to Hector S. Marvin as general guardian. This assignment was recorded in Delaware county clerk's office on December 27, 1930, and no part of this loan has been repaid to said bank. On June 29, 1933, the defendant Elaine Lepley Taber, being then of age, executed an instrument purporting to assign to the Delaware National Bank of Delhi, N. Y., her

interest in the bond and mortgage given by Mary A. Lepley to the said Hector S. Marvin as general guardian, as collateral security for the loan of $215.45 to her by said bank. These moneys were used by her to pay taxes and insurance upon the premises in question and no part of this loan has been paid to the bank. This assignment was duly recorded in Delaware county clerk's office. On or about November 2, 1934, the Delaware National Bank of Delhi advanced the sum of fifteen dollars and fifty-six cents to pay taxes upon the premises. The Korn Apparel Shop recovered a judgment against the defendant Mary Lorene Lepley Wiss for ninety-six dollars and ninety cents, which was duly docketed in Delaware county clerk's office on November 25, 1935, after the commencement of this action.

This action was commenced by the plaintiff as general guardian of Elaine Lepley Taber, William F. Lepley, Stanley W. Lepley, infants, against the defendants to foreclose the mortgage given by Mary A. Lepley to Hector S. Marvin as general guardian, by the personal service of the summons and complaint upon all the defendants. None of the defendants have appeared or answered except the infant defendant Stanley W. Lepley, who has appeared by John R. Taber, his duly appointed guardian *ad litem*, and has served an answer alleging that the County Court has not jurisdiction of the action, the subject-matter thereof, or to render the judgment asked for therein on the ground that the defendants Elaine Lepley Taber and Stanley W. Lepley do not reside in the county of Delaware, that the County Court has not the power and authority to adjust the equities between the parties. He also asks that the complaint be dismissed for the reason that the plaintiff has no legal capacity to bring this action against itself or its wards or on behalf of said wards to obtain judgment against themselves, or in its own favor against its wards in this court, and also on the ground that the mortgage given by Mary A. Lepley to Hector S. Marvin, as general guardian, merged with the title to said premises upon the death of Mary A. Lepley, the mother of said children.

Julia B. Marvin, as executrix of the estate of Hector S. Marvin, deceased, and the Korn Apparel Shop are not parties to this action and the plaintiff now moves to make them parties defendant and serve a supplemental summons and complaint. The defendant Stanley W. Lepley, by his guardian *ad litem*, asks that the plaintiff's complaint be dismissed on the grounds set forth in his answer. Julia B. Marvin, as executrix of Hector S. Marvin, asked leave to file a brief with the court on the question as to whether or not there was a merger of the mortgage with the fee, without prejudice.

This court has jurisdiction of the parties even though some of

them are non-residents of the county, of the subject-matter and power and authority to adjust the equities between them. Section 67 of the Civil Practice Act extends the jurisdiction of the County Court to an action for foreclosure of a mortgage upon real property where the real property, to which the action relates, is situate within the county. This is so although the defendants do not reside within the county. (*Raven* v. *Smith*, 148 N. Y. 415.) Where a County Court has jurisdiction of an action it possesses the same jurisdiction, power and authority in and over the same which the Supreme Court possesses and may render any judgment or grant either party any relief which the Supreme Court might render or grant in a like action. (Civ. Prac. Act, §§ 69, 74; *People's Trust Co.* v. *Harman*, 43 App. Div. 348.)

The question as to whether the mortgage given by Mrs. Lepley to Hector S. Marvin, as general guardian, merged with the fee on the death of Mrs. Lepley is more difficult to determine. A merger takes place whenever a greater and a lesser estate meet in one and the same person, without an intermediate estate, in which case the lesser of the two estates is immediately swallowed up in the larger. Equity, however, does not look with special favor upon such absorbtion, and not being bound by the legal rule of merger, will treat the two estates as separate and individual, if the intention of the parties to preserve them as such is apparent and justice requires it. (*Curtis* v. *Moore*, 152 N. Y. 159, at p. 165; *Asche* v. *Asche*, 113 id. 232, 235; *Smith* v. *Roberts*, 91 id. 470, 475.) Merger in equity is also subject to the condition that it will not prejudice the rights of third parties. A court of equity, says Chancellor KENT, " will keep an encumbrance alive or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the party. It must be an innocent purpose and injurious to no one." (*Clift* v. *White*, 12 N. Y. 519, at p. 536; *Weis* v. *Levy*, 106 App. Div. 496.)

The purpose and intent of the parties will be gathered, not only from their acts and declarations, but also from the situation as it affects their interest, before the right of any third person intervenes. (*Smith* v. *Roberts*, *supra*, at p. 475.) Usually the intention of the parties is manifested at the time when the owner of the fee becomes the owner of the mortgage or *vice versa*. When the title to either the fee or the mortgage vests in the owner of the other estate by reason of the law of intestacy or by devise or bequest, a party at the time of the vesting has no opportunity to manifest his intention as to whether he wants the two estates to merge or whether it would be to his advantage to keep them separate and apart. The owner of the two estates is not required to act before he knows what the

situation is; he has a reasonable time in which to make up his mind whether he desires the lesser estate to merge in the greater or whether he wants to keep it separate and alive. His intention, as expressed by his acts after a lapse of reasonable time will usually govern, if justice will thereby be promoted and the rights of third parties do not intervene. (*Thorburn* v. *Wende*, 235 App. Div. 424, at p. 428.)

In order that there may be a merger it is necessary that the same person or persons become seized of the entire property liable to pay the debt and the whole debt. Where the owner of a mortgage becomes devisee, or heir, as tenant in common of an undivided interest in the mortgaged land, the two estates do not become united so as to discharge any portion of the mortgaged debt (Thomas Mort. [2d ed.] § 367; *Sahler* v. *Signer*, 44 Barb. 606).

Before applying the principles stated by the authorities above cited it is necessary to understand the true situation here. Three of the four infants, for whom Marvin was general guardian at the time he took the mortgage, have become twenty-one years of age. Two of them, Mrs. Wiss and Mrs. Taber, attempted to assign their interest in this mortgage to the Delaware National Bank of Delhi, N. Y., as an individual. Apparently there was no accounting by the general guardian at the time each of these three infants became of age or at any time thereafter. There never was any assignment by the general guardian to these infants or either of them after they became of age. Mrs. Wiss had no general guardian at the time she became of age on March 28, 1930, nor at any time after Marvin's death on September 14, 1929. The plaintiff bank was appointed general guardian March 30, 1931, only of the then infants, Mrs. Taber, William F. and Stanley W. Lepley.

We are of the opinion that in order to vest the legal title to any interest in this mortgage it was necessary for the general guardian to make an assignment of that interest to each infant after he became of age. On becoming of age each child was entitled to a judicial settlement of the accounts of the general guardian and to the moneys represented by the mortgage or an assignment of his interest in the mortgage by the general guardian to him. Until this assignment was made he had no legal title to the mortgage or to an interest therein. The assignment by Mrs. Taber and Mrs. Wiss, after they became of age, to the bank would undoubtedly amount to an assignment of their interest in the moneys represented by this mortgage but did not vest the legal title to the mortgage in the bank because the legal title had not been vested in them by an assignment to them by the general guardian. If all of the infants had become of age and they had executed a satisfaction of this mortgage without the same having been assigned to them by the

general guardian, the county clerk would not have been warranted in discharging the mortgage of record, nor would a purchaser have been compelled to accept a conveyance without a satisfaction executed by their general guardian. The legal title, therefore, to this mortgage is still in the plaintiff as general guardian of Elaine, William and Stanley and the general guardian of Mary Lorene Lepley Wiss, when such a guardian shall be appointed. So far as it is necessary for a decision of the question of merger, the title to the mortgage in question and the title to the fee of the property, on which it is a lien, are in the same persons. The title to the fee is in the children and the title to the mortgage is in their guardian or guardians. The plaintiff urges in effect that the legal title to the mortgage is in the general guardian, Mrs. Wiss and the bank individually, and the title to the fee is in the four children. With this we cannot agree. Even if it were so, under the circumstances in this case it would not prevent a merger, if a merger is for the best interest of the children. The bank is entitled to a repayment of the money it has advanced directly or indirectly through the loan to Mrs. Taber. The bank as general guardian had the right to use the funds of the infant or to advance moneys to pay taxes on the real estate. (*Garvey* v. *Owens*, 12 N. Y. Supp. 349; *McCormick* v. *Shannon*, 127 App. Div. 745.)

It should not purchase or take an assignment of the property of its wards (*Harrington* v. *Erie County Savings Bank*, 101 N. Y. 257) even after the ward became of age. (*Shiverick* v. *Bonsall*, 185 App. Div. 338.) Taking the assignment from Mrs. Taber and Mrs. Wiss after they became of age was evidently done in good faith in order to protect the property of their wards and not for any other purpose. When there are funds with which these advances can be repaid a reassignment of the interest assigned by Mrs. Taber and Mrs. Wiss should be made by the bank upon condition that the bank be compensated for moneys advanced. (*O'Brien* v. *Reformed Church*, 10 App. Div. 605.)

Julia B. Marvin, as executrix of Hector S. Marvin, deceased, contends that the mortgage merged with the title to the fee upon the death of Mary A. Lepley, as the title to the mortgage and to the fee became vested in the same persons, to wit, the children of Mary A. Lepley; that, therefore, the mortgage given by Mrs. Lepley to Hector S. Martin for $500 is a prior lien on the premises to that of the mortgage given to said Marvin as general guardian. This would not be for the best interest of the children as then the $500 mortgage would have to be paid before the children could receive any moneys from the proceeds of the sale of the real estate. Even, if it is determined that it is for the best interest of the children

that the mortgage should merge with the title to the fee, it would not be determined that the merger took place so far as the mortgage given to Mr. Marvin individually was concerned. This, as stated by the attorney for the executrix of Marvin, because the two mortgages having been executed, delivered and recorded on the same date, the mortgage to Marvin individually is subordinate to the mortgage to him as guardian as, at that time, Mr. Marvin stood in a fiduciary relationship to the infants. So far as this action is concerned, that relationship still exists.

If this were the sole question at issue the mortgage would be deemed to have merged so far as the interest of the children were concerned, but they would hold it as a muniment of title to protect the property against the mortgage given to Mr. Marvin, individually. In *Browne* v. *Perris* (56 Hun, 601) it was held that the interest represented by the mortgage would not be considered as a charge upon the land except so far as it might be necessary to enforce the same in order to protect the title thereto. (See, also, *Millspaugh* v. *McBride*, 7 Paige, 509; *Payne* v. *Wilson*, 74 N. Y. 348, at p. 354.)

The guardian *ad litem* of the defendant Stanley W. Lepley argues that the mortgage should be determined to have merged because the property could be sold at private sale more advantageously than at a foreclosure sale and, therefore, it is for the best interest of the children that the mortgage be determined to have merged with the title to the fee.

If a sale of the premises in question can be arranged at a price satisfactory to the general guardian, the children who are of age, and Mrs. Marvin, as executrix of her husband's estate, the interest of all parties concerned would undoubtedly be best served, and justice would require that such a sale be had. If upon the trial of this action or prior thereto, such a sale can be arranged, this action should be discontinued and a proceeding instituted to sell the interest of the infant Stanley W. Lepley in the premises. Justice requires that this be done as it would save the costs of this foreclosure action and a sale of these premises at a sacrifice on foreclosure sale. However, unless such an arrangement can be made, a sale of the premises will necessarily have to be had, either in this action or in an action for partition, in order to have the rights and interests of the respective parties determined, and to procure a distribution of the proceeds of the sale to the parties entitled thereto.

If this action is not continued the executrix of the Marvin estate could bring an action to foreclose the $500 mortgage given to Marvin individually, or one of the children, who has become of age, could commence a partition action. Either of these actions would be as

expensive and as detrimental to the interest of the children as the present action. It is, therefore, for the interest of all parties, and especially the Lepley children, that a sale of these premises be had at private sale if possible. But if a private sale cannot be had this action should be continued and a sale had thereunder.

If this action is to be continued it is perfectly apparent that Julia B. Marvin, as executrix of Hector S. Marvin, deceased, is a necessary party and the Korn Apparel Shop a proper party, and should be made party defendants.

The Lepley children should be given an opportunity to procure a sale of the premises at private sale at a price agreeable to all parties concerned. If such a private sale can be arranged within thirty days from the entry of an order herein, the motion of the plaintiff to make Julia B. Marvin, as executrix of Hector S. Marvin, deceased, and the Korn Apparel Shop, parties, is denied and the motion to dismiss the complaint granted; the question of costs to be determined later. If evidence that such a private sale can be had is not presented to this court within thirty days from the date of the entry of the order herein, the motion of the plaintiff to bring in Julia B. Marvin, as executrix of the estate of Hector S. Marvin, and Korn Apparel Shop, as party defendants, and for leave to serve a supplemental summons and complaint, is granted, with ten dollars costs to be taxed as a part of the costs of plaintiff on final judgment.

An order may be entered accordingly.