KREKELER v. AULBACH.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. VENDOR AND PURCHASER—MORTGAGES—CONVEYANCE TO MORTGAGEE—MERGER—SUBSEQUENT CONVEYANCES—FAILURE OF TITLE—RECOVERY OF PRICE.
Where land was conveyed to a mortgagee, and thereafter conveyed by deed warranting against the mortgages held by him, a subsequent grantee was not liable to a purchaser from him under contract of sale, to return part of the purchase price, because of his inability to account for such mortgages, since by the conveyance of the land to the mortgagee the legal title and equitable interest merged; the subsequent conveyances excluding the inference that it was intended to keep such mortgage interest alive.

2. DEEDS—RESTRICTIONS—CONDITION SUBSEQUENT—COVENANT RUNNING WITH LAND.
A covenant restricting the height of buildings to be erected on certain lots conveyed, containing no reservation to the grantee's heirs, did not

create a condition subsequent, or covenant running with the land; the subsequent conveyances containing no reference thereto, and all the subsequent owners having regarded it as a mere personal restriction in favor of the original grantor only.

Appeal from special term, New York county.

Action by Thomas Krekeler against Barbara Aulbach to recover moneys paid for land, establish a lien therefor, and foreclose the same. From a judgment dismissing plaintiff's complaint on the merits, he appeals. Affirmed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

William H. Stockwell, for appellant.

Edward F. Hassey, for respondent.

HATCH, J.    On June 30, 1897, the defendant and one Bertha Racka entered into a written agreement by which the defendant agreed to sell to Racka a house and lot,—No. 408 East Eleventh street. Racka paid $500 on the contract, and thereafter assigned her interest therein to the plaintiff. The defendant, pursuant to the terms of the contract, tendered to the assignee of the contract a deed of the premises, with a demand that he fulfill the terms thereof. The plaintiff refused to perform, and subsequently brought this action in equity for the amount of the purchase price which had been paid upon the contract; asking that the same be declared to be a lien upon the property, and for the foreclosure and sale of the premises for the payment of such lien. The basis of right under which the plaintiff claimed to recover is that the defendant was unable to convey a good title to the premises which were the subject of the contract. To support his contention, he claims two specific defects: First, that there were two outstanding mortgages, liens upon the property, one for $5,000, and another for $2,300; and, second, that the premises are incumbered with a condition which was not mentioned in the contract.

As to the first of these questions, it appears that Dorothea Eybel became the owner of the premises on July 2, 1873; that she conveyed to Moses Finklestone January 1, 1876, taking from Finklestone the two mortgages already mentioned. Subsequently Finklestone and wife, on August 1, 1876, reconveyed to Dorothea Eybel. Dorothea conveyed to Bernhard, her husband, on September 5, 1877, and Bernhard and Dorothea conveyed to the defendant by full-covenant warranty deed on September 25, 1879. It thus clearly appears that there was a union of the two titles in the same person, and that Dorothea Eybel, when she took title from Finklestone, united in herself both the legal and equitable estate. This condition merges the lesser estate into the greater, unless there was an intent upon the part of the holder of the legal title to continue the lesser estate. Smith v. Roberts, 91 N. Y. 470, 475. At law there is no exception to this doctrine. Equitable rules sometimes intervene to support and keep alive the lesser estate. Champney v. Coope, 32 N. Y. 543. This is evidenced by the intent of the party, to be gathered from circumstances and acts, and is a salutary rule frequently invoked for the protection of equitable rights. But where it appears, as it does in this

case, that the owner of both estates indicated by no act an intent to keep the lesser estate alive, there exists no basis upon which the equitable rule could fasten, and the legal estate became perfect and complete in her. Nothing contained in Curtis v. Moore, 152 N. Y. 159, 46 N. E. 168, conflicts with this view. In that case the assignment of the mortgage had been made prior to the time when the mortgagee acquired the legal estate, and consequently there was never a union of the two estates in the same person, and therefore no basis upon which the doctrine of merger could apply. This case recognizes the rule of merger as announced in the Roberts Case. It is quite true that the Curtis Case states, in its discussion, that the assignment of a mortgage, even though unrecorded, is binding as against a bona fide purchaser of the same premises, as the recording act only applies to an assignment of the same mortgage, and has no reference to the conveyance of the legal title. From this fact it is argued that so long as those mortgages appear upon the record, undischarged, it is possible that they may have been assigned, as to which the recording act is no protection, and that a purchaser is not otherwise protected against such a possibility. Such, undoubtedly, is the rule, but it finds no application in the present case; for here it appears that there was a union of the two titles, and the doctrine of merger applies, in the absence of an intent to keep the equitable estate alive. This intent the evidence excludes. Apparently, therefore, these mortgages were extinguished, and prima facie the defendant could give good title as against them. If in fact the mortgages remained outstanding, it devolved upon the defendant, under the case as made, to support his attack upon the title, and maintain his contention, by proof that the mortgages were outstanding. In this respect he failed, and his position, therefore, cannot be upheld.

So far as the second ground is concerned, it appears that the defendant's title comes from a common source. Griffin owned three lots, one of which is the lot in question, represented by this contract. Griffin conveyed to Katherine Woods, a widow, subject to the following condition:

"Subject, nevertheless, to the express condition that no building or edifice of any description whatsoever exceeding eight feet in height shall at any time hereafter be erected within thirty-two feet of the rear line of the said two lots."

There is no reservation in this deed of this condition to the heirs or assigns of the grantor, nor was its burden charged upon the heirs or assigns of the grantee. The absence of any words giving right of re-entry for a broken covenant does not of itself prevent a construction which works out a condition subsequent, yet its absence gives more freedom of construction, and operates in supporting a less rigorous rule. Post v. Weil, 115 N. Y. 361, 371, 22 N. E. 145, 5 L. R. A. 422. The purpose of this condition will have been fully met if it be construed as a mere personal restriction for the benefit of the common grantor of the property. The reasoning in the case last cited supports this conclusion. All of this property was subsequently conveyed, and in none of the deeds of conveyance, either by the parties themselves or the representatives of their estates, has there been any

mention or reference to the condition; nor is there anything in the history of the land itself, and the purpose to which it has been devoted, which in any wise shows that for its proper enjoyment there is any necessity that the condition should be kept alive. On the contrary, every fact and act shows an unmistakable intention upon the part of those persons who have owned the property to regard this condition as having served its purpose as a personal restriction in favor of Griffin, and to have now ceased and become obsolete. Much learning upon this subject has found its way into the books, and much may always be said in construing covenants, conditions, and restrictions. But we do not find it necessary to enter upon such discussion in this case. It is sufficient to say that we regard this condition as creating a mere personal restriction; that it did not create a condition subsequent, which is not favored (Post v. Weil, supra; Avery v. Railroad Co., 106 N. Y. 142, 12 N. E. 619; Clement v. Burtis, 121 N. Y. 708, 24 N. E. 1013); nor is it a covenant running with the land (Badger v. Boardman, 16 Gray, 559; Erwin v. Hurd, 13 Abb. N. C. 105, and note).

The result is that plaintiff's objections to the title are not well founded, for which reason his complaint was properly dismissed. It follows that the judgment should be affirmed, with costs. All concur.