Knights of Pythias v. Withers, 177 U. S. 260, 20 Sup. Ct. 611, 44 L. Ed. 762, a member made his payment promptly, but the secretary of the subordinate section omitted to remit to the board of control on time, and his offending was sought to be charged to the member. The court held that the Supreme Lodge had assumed to control the secretary, and he was its representative, and not the agent of the member, al- though there was a provision in its laws to the contrary effect. Like- wise, in Hartford Life Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496, the due day of premiums had been extended by the acquiescence of the company, and strict compliance with the con- ditions pertaining to payment had been disregarded, and a waiver was held to exist. These cases all proceed upon the well-settled rule de- pending upon the recognized departure of the strict terms of the con- tract. After acquiescing in a certain course of dealing, the company will not be heard to insist upon a rigid compliance when that construc- tion will operate to forfeit the policy.

In the present case there was no element of a waiver and no feature of an estoppel. Schoeller, for his own convenience, endeavored to make the payment of assessment No. 7. He knew it was not paid, for the money was returned to him. He made no further attempt whatever. The financier of the defendant was not informed of the effort to pay. The insured also knew the fact that prior to the matur- ing of this assessment there had been a stiff advance in the rates to be charged the members of the order. It is quite probable that this in- crease induced the member to abandon the order. Twenty-six other members of Bleucher Lodge were suspended with Schoeller for failure to meet this assessment, influenced, we assume, by the largely enhanced assessments. Whatever may have been his motives, he voluntarily relinquished his membership, and the insurance was thus lost to the members of his family.

The judgment should be reversed.

Judgment reversed, and a new trial granted, with costs to the appel- lant to abide the event. All concur.

---

(110 App. Div. 226)

TOWNSEND v. PROVIDENT REALTY CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. MORTGAGES—MERGER IN FEE.
    Where the owner of a mortgage becomes the owner of the mortgaged real estate, there is a merger, unless it appears that there was an intention not to cause a merger, which intention may be inferred from the fact that it would be to the interest of the owner of the mortgage and the mortgaged premises that such merger should not take place.

2. SAME—FORECLOSURE—PRIORITIES—EVIDENCE—ADMISSIBILITY.
    In a suit to foreclose a second mortgage, it appearing that the mort- gagee in the first mortgage became the owner of the real estate, evidence that while he was the owner of both he made a statement to a bank to the effect that the mortgage being foreclosed was the only one upon the premises was admissible.
    Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Jane A. Townsend, as executrix of the will of Randolph W. Townsend, deceased, against the Provident Realty Company of New York and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Herman Aaron, for appellants.
Harold Swain, for respondent.

INGRAHAM, J. This action was brought to foreclose a mortgage on certain real property in the city of New York, dated May 14, 1900, and recorded in the office of the register of the city and county of New York on May 16, 1900. This mortgage was assigned to the plaintiff's testator on November 13, 1900, and recorded in the office of the register of the city and county of New York on November 15, 1900. When this mortgage was executed and delivered, there was an existing mortgage on the premises to secure the sum of $1,100, dated December 24, 1896, and recorded in the office of the register of the city and county of New York on the 28th day of December, 1896. This latter mortgage was assigned to the Provident Realty Company by an assignment dated June 26, 1900, and recorded in the office of the register of the city and county of New York on July 19, 1900. The Provident Realty Company, thus being the owner of the first mortgage on the premises, acquired title to. the mortgaged premises by deed dated November 25, 1901, which deed was duly recorded in the office of the register of the city and county of New York on November 27, 1901. Subsequently, on February 15, 1902, the Provident Realty Company assigned this mortgage for $1,100 to one Levy, by assignment dated February 15, 1902, and recorded in the office of the register of the city and county of New York on March 11, 1903, and thereafter Levy assigned this mortgage to the Hamilton Bank of New York. The trial court found that the Provident Realty Company, being seised of the mortgaged property, took and accepted a conveyance thereof with the intention of merging the said mortgage in the fee of the mortgaged property in pursuance of an agreement made between the Provident Realty Company and the plaintiff's testator that the said $1,100 mortgage, then a prior lien upon the premises, should be so merged. Thereafter the Provident Realty Company treated the $1,100 mortgage as merged in the fee, and in August, 1902, before the execution and delivery of this $1,100 mortgage to Levy, the Provident Realty Company made and delivered to the Citizens' National Bank its statement in which it set forth, that the above-described mortgaged premises were incumbered only by the mortgage held by the plaintiff's testator; and as a conclusion of law the court found that the said $1,100 mortgage became merged in the fee of the premises described in the complaint, and that the interest, if any, of the Hamilton Bank of New York in the said premises was subject to and subordinate to the mortgage held by the plaintiff, and decreed a foreclosure of that mortgage. Upon the judgment entered upon that decision the Hamilton Bank appeals.

The only question is whether the finding of the court that the $1,100

mortgage became merged in the fee of the mortgaged premises was sustained by the evidence. It appears from the evidence that this Provident Realty Company was a corporation organized by David Levy; he being the sole stockholder, except that one share of stock was issued to each of the directors of the corporation to enable them to qualify as such directors. Levy was the president of the corporation, and apparently used it for his own purposes. Levy, being the owner of the real property subject to the $1,100 mortgage, executed a mortgage upon the premises to the plaintiff's testator's assignor, and subsequently conveyed the premises to the Provident Realty Company, who then was the owner of the $1,100 mortgage. The evidence is that it was explained to Levy that this conveyance was necessary to make the plaintiff's mortgage the first mortgage upon the premises, and that it was executed and delivered in consequence of the statement made to him that, unless it was made and the mortgage merged in the fee, information would be given to the plaintiff's testator that the mortgage which he held, and which is now sought to be foreclosed, was a second mortgage. The subsequent assignment of the $1,100 mortgage to the assignor of the Hamilton Bank was without the knowledge and consent of the plaintiff, and appears to have been delivered by David Levy, as president of the company, to his brother, Emanuel M. Levy, as security for moneys that Emanuel M. Levy had advanced to David Levy. An examination of the record at the time that this transfer was made would have disclosed the fact that the Provident Realty Company was the owner of the fee of the mortgaged premises and also the $1,100 mortgage, and that at that time the property was subject to the lien of the mortgage now under foreclosure. Notice of these facts must be charged to Emanuel M. Levy when he received the assignment of the mortgage from the Provident Realty Company, and to the Hamilton Bank when it received the assignment of the mortgage from Emanuel M. Levy. Undoubtedly, as between the Hamilton Bank and the Provident Realty Company, the transfer of this mortgage to Emanuel M. Levy made it a valid lien upon the property; but, if the mortgage had actually been merged in the fee of the mortgaged premises, it would leave the $1,100 mortgage a subsequent lien to the plaintiff's mortgage. There can be no question but that upon the face of the record this $1,100 mortgage became merged in the realty when the mortgage and the title to the mortgaged premises vested in the same person. If, however, it had clearly appeared that it was not the intention to merge the mortgage in the realty, such merger will not be effectuated; and it has been held that the intention that the mortgage should not be merged could be inferred where it clearly appears that it would be to the interest of the owner of the mortgage and the mortgaged premises that such merger should not take place. But still upon the face of the instrument the merger becomes operative as a matter of law, unless it should appear that such was not the intention. This principle was enunciated by Lord Thurlow in Compton v. Oxenden, 2 Ves. Jr. 264, where it was said:

"It is a clear principle, both at law and in equity, that where there is a confusion of rights, where debtor and creditor become the same person, there is an immediate merger, but that equity will preserve the rights distinct, ac-

cording to the intent, express or implied. Wherever it is more beneficial for the person entitled to the charge to let the estate stand with the incumbrance upon it than to take it discharged of the incumbrance, that circumstance will have a controlling influence in deciding on the implied intent."

This inference, however, does not apply where there is express evidence to show that it was the intent of the owner of both the mortgage and mortgaged property that the mortgage should become merged and extinguished where the title to the mortgage and the mortgaged premises vested in the same person. The case of Millspaugh v. McBride, 7 Paige, 510, 34 Am. Dec. 360, is a mere statement of this principle. The facts upon which that case was decided were that the prior mortgage was assigned to the owners of the realty for the purpose of protecting their title against the junior mortgage, and was not, as against the junior mortgage, merged in the equity of redemption. "It was, in equity, impossible for the prior mortgage or the equitable interest of the defendants therein to unite with their legal title to the equity of redemption by reason of the intermediate equity which the complainant had by virtue of his mortgage." A different position is presented in this case; for here the Provident Realty Company was the owner of the prior mortgage, and the real property was conveyed to it, so that the mortgage held by it should be merged in the realty, and thus secure to the plaintiff's mortgage the position of first mortgage. The assignment by the Provident Realty Company to Emanuel M. Levy was actually executed and delivered on March 11, 1903, and the assignment of this mortgage to the Hamilton Bank was on March 16, 1903. The declaration of the Provident Realty Company to the Central National Bank, which was admitted in evidence, was delivered to that bank between the 20th and the 25th of March, 1902, at the time that the legal title to the $1,100 mortgage and the mortgaged premises was vested in the Provident Realty Company, and was therefore a declaration as to the incumbrance upon this property, made by the owner of the realty and the mortgage at the time when both were vested in the corporation making the declaration, and it was clearly competent as characterizing the possession of the mortgage and the fee of the mortgaged property and the intention of the corporation. This evidence is not subject to the objection discussed and sustained in Merkle v. Beidleman, 165 N. Y. 23, 58 N. E. 757. The declaration admitted in evidence in that case was not a declaration of an assignor of personal property, affecting the title to the property, but was the declaration of the owner of real property, while in possession of it, characterizing its title, and is evidence of its intention as to whether this mortgage had merged in the realty. But, assuming that this evidence was improperly admitted, the evidence is ample to sustain the finding of the trial judge that the mortgaged premises were conveyed to the mortgagee for the express purpose of merging the $1,100 mortgage in the fee, and without this declaration the finding was sustained by ample evidence—in fact, by uncontradicted evidence.

The judgment appealed from should therefore be affirmed, with costs. All concur, except HOUGHTON, J., who dissents.