EDWARD T. WILKINSON, Plaintiff, *v.* DEWITT J. MEDBURY and Others, Defendants.

Supreme Court, Madison County, May 5, 1928.

Mortgages — foreclosure — action to foreclose mortgage given in 1895 — one of mortgagors, who had life use of premises, died in 1917 — defendant mortgagor conveyed remainder interest in premises to other defendant shortly thereafter — in 1923 mortgagee assigned mortgage to that defendant, who, in 1925, assigned instrument to plaintiff — since mortgage was in existence and deed was subject to it, no new mortgage was created by assignment — no merger of mortgage and deed.

In this action to foreclose a mortgage given in 1895, it appears that one of the mortgagors, who had a life use of the premises, died in 1917, and that thereafter defendant mortgagor conveyed remainder interest in the premises to another defendant. It also appears that in 1923 the mortgagee assigned the mortgage to the defendant to whom the remainder interest had been conveyed, who, in 1925 assigned the instrument to plaintiff. The defendant mortgagor claims that the mortgage has merged in the deed from him to the other defendant, and that the assignment of the mortgage by said grantee to plaintiff was a violation of the conditions of the deed to the effect that the property would not be mortgaged or conveyed without the approval of the parties thereto. Since

the mortgage was already in existence and the deed was subject to it, and no new mortgage was created at the time the assignment was made to the plaintiff, the assignment was not a violation of the provision that the property should not be mortgaged.

Nor was there a merger of the mortgage and the deed, since merger cannot take place where the person to whom the deed was given holds an interest in remainder only.

MOTION by plaintiff for judgment on the pleadings in mortgage foreclosure action.

*John A. Johnson,* for the plaintiff.

*Morgan J. White* [*Ralph W. France* of counsel], for the defendants.

SENN, J. This is an action for the foreclosure of a mortgage given by DeWitt J. Medbury and Lurena Ingalls to Colgate University on December 21, 1895, as collateral to a bond given by said DeWitt J. Medbury to Colgate University. Lurena Ingalls, who had a life use of the mortgaged premises only, died on November 28, 1917. On August 24, 1918, the defendant conveyed an interest in the mortgaged premises to the defendant Lulie J. Medbury. On March 24, 1923, the mortgage was assigned by Colgate University to Lulie J. Medbury who, on August 26, 1925, assigned the mortgage to Edward T. Wilkinson, the plaintiff. The defendant DeWitt J. Medbury has answered in the action alleging that the mortgage sought to be foreclosed has merged in the deed from him to Lulie J. Medbury, also that the assignment of the mortgage by Lulie J. Medbury was a violation of the conditions of the deed and, therefore, null and void and asking that the complaint be dismissed as to him.

The deed from DeWitt J. Medbury to Lulie J. Medbury, above referred to, contains the following: " the party of the first part * * * does hereby grant and release unto the party of the second part, her heirs and assigns forever, subject, however, to a lifetime interest for himself in the said property hereby conveyed, which property shall not be mortgaged, sold or conveyed without the approval, evidenced by the signature of both first and second parties herein named during the lifetime of each of said parties. The surviving party at the death of the other shall be and become the sole owner of said property herein described, to have and to hold forever. This is not a joint tenancy but an absolute conveyance, subject only to the life interest of the said party of the first part, reverting only in case he should survive the said party of the second part herein named."

I do not see how the assignment of the mortgage by Lulie J. Medbury to the plaintiff was a violation of the provision that the

property should not be mortgaged by either party without the consent of the other. The mortgage in question was already in existence and, of course, the deed was subject to it and no new mortgage was created when the same was assigned to Lulie J. Medbury and by her to the plaintiff.

Neither can I see how there could have been a merger of the mortgage and the deed. Merger is accomplished in law when two or more estates unite in the same person and when these estates comprise the whole legal and equitable interest in such property and the person holding them becomes the absolute owner. Merger requires the existence of two estates, a greater and a lesser, and upon the merger taking place the lesser estate is said to be extinguished and absorbed by the merger; but this cannot take place where there is an intermediate estate. Merger takes place by virtue of unity of seizin. (*Asche* v. *Asche*, 113 N. Y. 232, 236.)

The deed from DeWitt J. Medbury to Lulie J. Medbury did not convey the whole legal and equitable interest of the grantor but, at best, conveyed to her only a remainder estate which was subject to be defeated by her decease prior to that of DeWitt J. Medbury. It is quite immaterial by what technical name the deed may be called. That was its only legal effect. Therefore, the assignment of the mortgage to her, or even its extinguishment, would not make her the absolute owner. Besides, the reservation to DeWitt J. Medbury, the grantor, of a lifetime interest, as well as the conditional reversion to himself, constituted, in effect, an intermediate estate. If the conveyance had been of an absolute ownership and right of seizin, then there would have been, presumptively at least, a merger.

In view of the fact that the transactions set forth are utterly inconsistent with the idea of a merger I do not see how there can be any question of intent so as to constitute an issue to be tried.

The provisions of section 476 of the Civil Practice Act and of rule 112 of the Rules of Civil Practice are broad enough to justify the relief asked being granted. (*Koppel Industrial, etc., Co.* v. *Portalis & Co.*, 205 App. Div. 144.)

The motion for an order of reference and for judgment of foreclosure and sale must be granted.