In the Matter of the Estate of RAPHAEL GRIECO, Also Known as RAPHAELA GRIECO, Deceased.

Surrogate's Court, Kings County, December 7, 1939.

*David M. Horn* [*Jacob T. Tobias* of counsel], for Charles G. Grieco, as executor, etc., petitioner.

*Joseph W. Freifeld,* for the objectants.

WINGATE, S. The principle is well established that in equity a merger is not favored and that estates will be kept separate where such is the intention of the parties and justice requires it, and that intention will be gathered not only from the acts and declarations of the party but from a view of the situation as affecting his interest. (*Smith* v. *Roberts,* 91 N. Y. 470, 475.)

In the Surrogate's Court these considerations are paramount, since it is a court of equitable jurisdiction. (*Matter of Dickman,* 142 Misc. 207, 210, and authorities cited.)

In the present case C. and L. are tenants in common of the fee of a parcel of real property, subject to a $9,500 mortgage. C. also

owns, in his own right, a $3,000 participation in this mortgage. C., L., G., M. and E. have jointly inherited the balance of this mortgage; in other words, each has received an undivided interest therein of a face value of $1,300. It is the assertion of G., M. and E. that the mortgage interests of C. and L. have merged in their fee holdings, and that consequently the former are entitled to a new first mortgage on the property in the face amount of $3,900.

The propriety of such a determination is to be tested by its effect on the parties. The value of the securing realty is not stated. Judging by the earnestness of the parties contending for the merger, and by general real estate conditions, it will be assumed that it is less than the face of the mortgage. The amount of its deficiency is immaterial except as a question of degree. For ease in computation it will, therefore, be assumed that it is worth half the face of the mortgage or $4,750.

On this supposition, the equities of C. and L. in the real estate possess no value, the value of C.'s individual participation in the mortgage is worth $1,500, and the inherited shares of the five distributees in the balance of the mortgage are to be valued at $650 each. In other words, the total value of C.'s holding is $2,150 and those of L., G., M. and E., $650 each.

Were the merger to be declared effective, the mortgage interests of C. and L. would be eliminated, with the result that the sole incumbrance on the property would be a mortgage in the sum of $3,900 jointly owned by G., M. and E., which on the assumed value of the property of $4,750, would be worth its face value, leaving an equity of $850 which would be the joint property of C. and L., making their holdings worth $425 each. In other words, C.'s holdings, which are now worth $2,100, would be reduced by the sum of $1,725, L.'s present holding, worth $650, would be reduced by $225, and the respective holdings of G., M. and E., now worth an aggregate of $1,950, would be doubled in value.

Were it to be supposed, however, that the securing realty was worth more than the face of the mortgage, the results to C. of a declaration of merger would also be disastrous, since the elimination of his present $3,000 mortgage participation would result in the enhancement of the value of L.'s equal interest in the fee by the amount of $1,500.

In any situation except the extremely improbable one that the value of the property was precisely identical with the face of the mortgage, C. would be mulcted, either for the benefit of G., M. and E., in the one case, or of L., in the other.

The idea is clever and, whatever other criticism may be directed against it, no one could assert that the conception that a court of equitable jurisdiction would countenance it, is deficient in optimism.

The principle has many times been reiterated, that an essential prerequisite to a merger is that the legal and equitable interests of a person shall be co-extensive. (*Sahler* v. *Signer*, 44 Barb. 606, 613; *Clark* v. *Rowell*, 163 Misc. 777, 781; *Delaware National Bank of Delhi* v. *Wiss*, 158 id. 276, 280.) In the present instance, this is not the fact and since a determination of merger would result in unjust enrichment of other parties at the expense of C., it will not be decreed.

Two alternate suggestions of the parties for disposal of the $6,500 participation belonging to the estate in the $9,500 mortgage remain for consideration. The first, by the objectors, is that the court shall direct the sale of the entire mortgage, including the $3,000 participation therein which is owned by C., individually. They have tendered no authority which indicates that this court possesses any power to compel C. to sell his own individual property, and the court is familiar with none. The only asset of the estate in this regard is a participation in the mortgage. Sale of this can, and perhaps must, be directed if a purchaser can be found, but neither this, nor any other, court can compel C. to sell anything which is his own individual asset.

The alternative suggestion of the executor is that the court shall direct the acceptance in satisfaction of their distributive shares by G., M. and E. of assignments of participations in the mortgage. The supposed authority for such a direction is subdivision 3 of section 268 of the Surrogate's Court Act. Two difficulties are present in this solution. The first is that such a participation is of doubtful inclusion in the description of the unnumbered paragraph of this section. The second is that, even if by any stretch of the imagination such an assignment could be included in such description, the authority of the surrogate in this regard is limited to situations in which a loss on sale would result " to any infant or incompetent legatee or distributee." Here all of the legatees are adults and *compos mentis*. The court may, therefore, not compel them to take in kind over their earnest objection.

The court can and will direct the executor to attempt to sell the participation belonging to the estate if any of the parties insist. In view of its probable unsalability at any approximation of its value, however, it would appear to be the part of wisdom for all concerned to desist from further attempts to reap an unfair advantage at the expense of the others, and come to some amicable adjustment of the dilemma. In the absence of such arrangement and a failure of sale of the asset, no alternative exists but for the executor to continue to hold it for liquidation if and when the mortgage shall mature and the moratorium laws expire without further extension.

Proceed in conformity herewith.