GLENNA S. MANKTELOW, as Executrix of ELLA J. NEVLEZER, Deceased, Plaintiff, v. CLAUDE J. NEVLEZER et al., as Administrators of the Estate of JOHN NEVLEZER, Deceased, Defendants.

Supreme Court, Equity Term, Wayne County, October 26, 1951.

*J. Willis Barrett* for plaintiff.

*W. Ray Converse* for defendants.

GILBERT, J. This action, equitable in nature, and in which the facts are little in dispute, presents a novel situation. The action is brought pursuant to the provisions of subdivision 4 of section 500 of the Real Property Law to procure the cancella- tion and discharge of record of a certain mortgage on real property. The evidence on the trial, largely documentary, discloses the following facts:

John Nevlezer, a resident of the town of Ontario, Wayne County, died on or about September 5, 1924, leaving his last will and testament, by the terms of which his widow, Ella

Nevlezer, was given the use of the entire estate, with power to invade principal if necessary, during her lifetime or until her remarriage, with remainder over in equal shares to the heirs of each per stirpes. The widow was named as executrix, with the power of sale of real property.

Ella Nevlezer duly qualified as executrix of her husband's estate and presumably administered the same until her death on November 27, 1948, and without having remarried.

Shortly after her husband's death, and on October 25, 1924, Ella Nevlezer purchased the premises with which this action is concerned. Title was taken in her individual name and she occupied the property from the time of purchase in 1924 to the time of her death in 1948.

In January of 1927, Ella Nevlezer conveyed the property in question to her sister, Nora Leenhouts, and took back a bond and mortgage in the sum of $2,154.48, payable to herself as executrix of her husband's estate. She, however, continued to occupy the premises. From the records in the Surrogate Court, offered in evidence on the trial, it appears that the reason for this transaction was that the original purchase of the premises by Ella Nevlezer had been made with funds from her husband's estate and that the mortgage transaction was carried out to secure estate funds. However, that finding is not a fact decisive of the adjudication of this action.

As above stated, Ella Nevlezer continued in the occupation of the premises in question after the deed to her sister and the mortgage back and until her death in 1948. However, on July 8, 1948, the distributees of Nora Leenhouts, by a quitclaim deed, conveyed the premises to Ella Nevlezer individually. No mention of the mortgage is made in the deed. The present action is brought by the representative of her estate, pursuant to subdivision 4 of section 500 of the Real Property Law, to have the mortgage above referred to cancelled and discharged of record on the ground that the Statute of Limitations (Civ. Prac. Act, § 47-a) has run against it.

Plaintiff must fail in this action for either one, or both, of the following reasons:

First. The plaintiff's testate was a mortgagee in possession of the premises at least until the deed of July 8, 1948. Under the evidence in the case her possession of the premises could not have been otherwise, as no other right to possession is shown or urged. As a life beneficiary of her husband's estate she was holding the assets in trust. (*Smith* v. *Van Ostrand,* 64 N. Y. 278.) To that extent she may be termed and considered

a trustee, although not so designated. The taking by Ella Nevlezer of the title to the premises in her individual name did not merge her mortgage interest as executrix of her husband's estate, as the interests are separate and distinct. As a " de facto " trustee she could not deal with the trust property individually to the detriment of the trust. Her continued occupation of the premises in question must therefore be considered as a mortgagee in possession rather than as an owner of the fee, at least until her death in November of 1948, a period of four months and nineteen days. The possession of the premises by Ella Nevlezer at the time of her death being that of a mortgagee in possession, the possession by her estate so continues until the representative of her estate has accounted in the Surrogate's Court to the residuary beneficiaries. (*Deering* v. *Pierce,* 149 App. Div. 10; *Husted* v. *Thomson,* 7 App. Div. 66, affd. 158 N. Y. 328.) Such an accounting has not yet been had.

Under subdivision 4 of section 500 of the Real Property Law, an action thereunder may not be brought by a mortgagee in possession.

Second. An action under the provisions of the Real Property Law may be brought where the applicable Statute of Limitations for the commencement of an action to foreclose the mortgage has expired. The applicable statute is section 47-a of the Civil Practice Act, which provides in substance that an action to foreclose a mortgage must be commenced within six years after the cause of action has accrued.

The mortgage in question was given on April 1, 1927. By its terms, payment was to be made five years from its date, or by April 1, 1932. If there were nothing else in the case, the cause of action to foreclose the mortgage would have accrued on April 1, 1932, and the right to bring such an action would have expired six years thereafter, or on April 1, 1938.

During all of this period, however, and down until July 8, 1948, the premises were in the possession of Ella Nevlezer, as executrix of her husband's estate. As between her, as executrix, and the beneficiaries of the estate, the Statute of Limitations was tolled (see *Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.,* 213 N. Y. 525).

Disregarding any relationship between the parties subsequent to July 8, 1948, it is self-evident that six years have not elapsed between that date and the commencement of this action.

Judgment is directed in favor of the defendants accordingly.

Findings and judgment should be submitted in accordance with this decision.