In the Matter of the Accounting of MILLIE NOCHOMOV, as Administratrix of the Estate of BENGAMIN NOCHOMOV, Deceased.

Surrogate's Court, Kings County, June 14, 1954.

*Homer I. Harris* for administratrix, petitioner.

*Oltarsh, Lowenfeld & Cohen* for Fay Wollman and another, respondents.

RUBENSTEIN, S. The objections of the decedent's children to the account of the administratrix are disposed of as follows:

Objection 1 charges the administratrix with failure to account for a mortgage owned by decedent covering premises known as 220 Dover Street, Brooklyn, N. Y.

The facts are not disputed. The decedent, known as Benjamin Nochomov, died intestate on January 19, 1953, leaving him surviving as his distributees Millie Nochomov, his widow, who is accounting as administratrix, and two daughters. On February 27, 1945, decedent acquired the premises, subject to the mortgage in question. On April 18, 1946, he acquired the mortgage by an assignment from one of the daughters. On January 15, 1953, four days before he died, decedent conveyed the premises to himself and his wife. That deed did not mention the mortgage, but the recorded assignment contained the following clause: " The mortgage herein assigned shall not merge with the fee or any interest of the assignee in said fee, but shall remain as a good and valid mortgage separate and apart from any other interest of the assignee in the fee to the premises covered by the mortgage, for the amount outstanding on the mortgage." No proof was offered as to any payments of the principal or interest on the mortgage since decedent acquired it. It seems to be conceded, however, that there was then unpaid thereon the sum of $7,700. There is no proof whether the deed from decedent contained any warranties or covenants. The instruments referred to were duly recorded. The administratrix seeks to justify her failure to charge herself with the amount of the mortgage on the ground that: (a) the facts stated constitute a merger of the mortgage and the equity of redemption in the premises; and (b) the mortgage, in any

event, is barred by the Statute of Limitations (Civ. Prac. Act, § 47-a). The court has considered both grounds and concludes that the mortgage is an asset of the estate and should be accounted for by the administratrix.

The rule of law is well established that when a greater estate and a lesser one coincide and meet without intermediate estate, the lesser is immediately merged in the greater; but they must be in one and the same person, at one and the same time and in one and the same right (2 Blackstone's Comm. [Sharswood ed.], 177 and note 16; *Nicholson* v. *Halsey,* 1 Johns. Ch. 417; *Gardner* v. *Astor,* 3 Johns. Ch. 53; *Lynch* v. *Pfeiffer,* 110 N. Y. 33, 41). But, in equity the rule whether there has been a merger is a question of fact. Though the grantee manifests no intention on the subject of merger, he may elect that which is most beneficial to him and hold the legal and the equitable titles separately (*Champney* v. *Coope,* 32 N. Y. 543; *Sweet* v. *Henry,* 175 N. Y. 268; *Smith* v. *Roberts,* 91 N. Y. 470; *Curtis* v. *Moore,* 152 N. Y. 159, 165), provided the rights of creditors and third parties do not intervene (*Salvin* v. *Myles Realty Co.,* 227 N. Y. 51, 56; *Bogert* v. *Bliss,* 148 N. Y. 194; see, also, the following cases; *Wilkinson* v. *Medbury,* 132 Misc. 58; *Clark* v. *Rowell,* 163 Misc. 777; *Clift* v. *White,* 12 N. Y. 519, 536; *Weis* v. *Levy,* 106 App. Div. 496; *Townsend* v. *Provident Realty Co. of N. Y.,* 110 App. Div. 226; *Imar Mtge. Corp.* v. *Ticoli Realty Corp.,* 232 App. Div. 635, affd. 257 N. Y. 594; *Delaware Nat. Bank of Delhi* v. *Wiss,* 158 Misc. 276; *Thorburn* v. *Wende,* 235 App. Div. 424; *Krekeler* v. *Aulbach,* 51 App. Div. 591).

In this case the decedent acquired the premises on February 27, 1945, subject to the recorded mortgage in question. He occupied the premises until his death. He purchased the mortgage and took it in the name of his daughter, Rebecca Lusterman, who, on April 18, 1946, assigned it to him.

The clause in the recorded assignment not only emphatically declares that the mortgage acquired by the decedent shall not merge with the fee of the premises, then vested in him, but also clearly indicates that it shall not merge " in any other interest " he might have in the premises. Evidently decedent wanted to avoid not only a complete merger but a possible *pro tanto* merger. Decedent's subsequent creation of the traditional tenancy by the entirety with the prerequisites of unity of interest, title, time and possession, did not destroy his right to keep the two estates separate and apart. (*Clark* v. *Rowell,* 163 Misc. 777, 781, *supra*; *Wallach* v. *Wallach,* 107 N. Y. S.

2d 255.) The administratrix took the premises subject to the mortgage and the declaration in the assignment both of which had been duly recorded. (*Smith* v. *Roberts,* 91 N. Y. 470, 477, *supra; Matter of Grieco,* 172 Misc. 723, 725; *Clark* v. *Rowell,* 163 Misc. 777, 782, *supra; Delaware Nat. Bank of Delhi* v. *Wiss,* 158 Misc. 276, *supra; Wallach* v. *Wallach,* 107 N. Y. S. 2d 255, *supra; Sahler* v. *Singer,* 44 Barb. 606.) Her contention that a merger took place, therefore, is overruled.

Section 47-a of the Civil Practice Act in part provides that an action upon a mortgage "must be commenced within six years after the cause of action has accrued." In *Patterson* v. *Patterson* (59 N. Y. 574, 578–579) Judge FOLGER said: "'Cause of action' is the right to prosecute an action with effect (*Douglass* v. *Forrest,* 4 Bing. 686.) * * * The cases arising under the statute of limitation are to the same end, that no cause of action has accrued until there is a right to sue, and some one to sue, and some one to be sued lawfully. (Blanchard on Lim., 104, *et seq.,* and cases cited; Wilkinson on Lim., 44 *et seq.,* and cases cited.)" In *Jacobus* v. *Colgate* (217 N. Y. 235, 245), Judge CARDOZO said: "A cause of action does not accrue until its enforcement becomes possible"; and in *Jensen* v. *Metropolitan Life Ins. Co.* (251 N. Y. 336, 339), Judge HUBBS, quoted Judge CARDOZO, from *Killian* v. *Metropolitan Life Ins. Co.* (251 N. Y. 44), a part of which is as follows: "'There is support for the conclusion that by fair implication the non-existence of parties amenable to suit will extend the limit of time within which suit may be begun (*Northwestern Mut. Life Ins. Co.* v. *Pickering, supra;* cert. denied, 263 U. S. 720; cf. *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Oswego, etc., R. R. Co.* v. *State,* 226 N. Y. 351, 360).'"

We may fairly reach the conclusion, therefore, that a Statute of Limitations operates to defeat the enforcement of a cause of action if the claimant has a legal right and a tribunal available to enforce it and fails to do so within the time prescribed by the statute. It is a fundamental principle that a person cannot be a plaintiff and a defendant in the identical capacity, on the same cause of action and in the same suit (See 20 R. C. L., Parties, § 2, p. 662 and cases cited; *Jensen* v. *Metropolitan Life Ins. Co.,* 251 N. Y. 336, 339, *supra; Brown* v. *Brown,* 93 N. Y. S. 2d 63, 75, affd. 275 App. Div. 1068, affd. 302 N. Y. 556). It would have been an idle ceremony for decedent to pay interest to himself or to foreclose the mortgage to obtain a fee title which he had (cf. *Shohfi* v. *Shohfi,* 303 N. Y. 370, 380). It

follows that the Statute of Limitations was tolled from the time he acquired the mortgage to his death (*Clark* v. *Powell,* 163 Misc. 777, 781, *supra*; *Wallach* v. *Wallach,* 107 N. Y. S. 2d 255, *supra*).

Since the death of the decedent on January 19, 1953, his widow became the owner of the whole premises by operation of law. Ordinarily, the mortgaged premises are considered the primary fund for the payment of the mortgage (*Johnson* v. *Zink,* 51 N. Y. 333; as to a decedent's estate, see Surrogate's Ct. Act, § 207). Her interest as owner of the premises and her interest in the mortgage as administratrix did not merge (*Manktelow* v. *Nevlezer,* 200 Misc. 536). The Statute of Limitations does not begin to run until the judicial settlement of her account as administratrix has been decreed (Surrogate's Ct. Act, § 209; *Soverhill* v. *Suydam,* 59 N. Y. 140; *Manktelow* v. *Nevlezer,* 200 Misc. 536, *supra*).

The objectants' contention that the mortgage is an asset of the estate is sustained and the administratrix is directed to account for the mortgage.

Objections 2 and 7 were withdrawn upon the agreement of the administratrix to withdraw from Schedules A and C-1 the items to which these objections referred.

Objection 3 is overruled. There was no legal obstacle to the partial distribution made by the administratrix.

Objection 4, as amended at the trial, which relates to the alleged failure of the administratrix to charge herself with certain assets therein enumerated and a mortgage assigned to her, is overruled. No competent evidence was adduced to impeach the validity of the deed and assignment of mortgage executed on January 15, 1953.

Objection 5 is overruled. The attack on the type of monument erected over intestate's grave is not justified. At the time of its erection administratrix was still a widow and mourning intestate's death. It is a simple and inexpensive procedure to remove the disputed language if the children believe this is necessary.

Objection 6 was withdrawn. Objection 8 is overruled. The payment objected to was for an indebtedness incurred by the intestate in his lifetime and no contention is made that it is unreasonable in amount.

Objection 9 is sustained. The testimony of administratrix establishes beyond question that she refused to accept the gift which intestate had intended to buy with funds which he had borrowed. She received the funds for the express purpose, as

stated by her, of restoring them to the bank. Under such circumstances, the repayment of the loan was made with intestate's own funds.

Objection 10 is overruled. No negligence or improper administration of the estate has been established to justify the court in withholding commissions from the administratrix.

Objection 11 is overruled and the claim referred to therein is disallowed. The validity of the alleged loan has not been established.

Proceed accordingly.