Louis L. Friedman, J.
Plaintiff sues to impress a lien upon defendant’s real property. The papers before the court show that a written contract of sale for this real property was entered into between the parties on August 3,1961; that the said contract provided amongst other things that the sale of such property was subject to covenants and restrictions of record which will not prohibit the erection of an apartment house built up to the building line; that $3,600 was paid as a deposit on said contract; that title was defective because the restrictions of record did prohibit the erection of an apartment house built up to the building line, and that by virtue of such restriction, plaintiff refused to go through with the contract and is entitled to the return of the deposit paid.
Defendant now moves for summary judgment dismissing plaintiff’s complaint and directing affirmative judgment in its favor compelling plaintiff to specifically perform this contract of purchase. Plaintiff cross-moves for summary judgment striking out defendant’s answer and for judgment on the complaint.
A title search in connection with the contract of sale revealed that sometime prior to the execution of said contract, the City of New York had acquired an easement in perpetuity over the frontal part of this property permitting said city to keep and maintain the existing sewers and their appurtenances. There is no dispute that such easement, is still in existence, would prevent the legal erection of any apartment building up to the building line, and that if the easement was still in full force and effect at the time when the contract was entered into, plaintiff would be entitled to recovery in this action and defendant’s counterclaim would fall. Defendant contends, however, that on February 20, 1953, by virtue of unpaid taxes, the City of New York in an in rem proceeding, acquired title to the said real estate and it is now claimed by the defendant that such acquisition of title effected a merger so that the existing easement was extinguished and became null and void. If there was in fact a merger, defendant’s position is correct since it is not in dispute that when the City of New York thereafter sold the premises and up to the time when this defendant contracted to sell the same to this plaintiff, there was no instrument which reinstated or again granted this easement to the City of New York.
Both sides have moved for summary judgment, and both conceded upon the argument that there was no question of fact. Plaintiff urges that the provisions of section 154 of the Tax Law prohibited a finding of merger even though a merger at law *1007 follows inevitably upon a union of a greater and lesser estate in the same ownership. In equity, however, it does not necessarily so follow. In Smith v. Roberts (91 N. Y. 470, 475), referring to the rule in equity, the court stated: ‘ ‘ There the doctrine is not favored, and the estates will be kept separate where such is the intention of the parties, and justice requires it, and that intention will be gathered not only from the acts and declarations of the party, but from a view of the situation as affecting his interest, at least prior to the presence of some third person’s rights”. This theory has been followed in Curtis v. Moore (152 N. Y. 159); Central Hanover Bank & Trust Co. v. Roslyn Estates (266 App. Div. 244); Clark v. Rowell (163 Misc. 777); Matter of Grieco (172 Misc. 723).
Section 154 of the Tax Law, to which plaintiff refers, has no bearing upon the present controversy. An examination of that section and the related sections in article 7 establishes that they apply only to sales of real property by County Treasurers out side of the City of New York, and have no bearing upon sales conducted by the city officials. The acquisition of title by the City of New York in February of 1953, was the result of an in rem foreclosure proceeding for delinquent taxes pursuant to title D of the Administrative Code of the City of New York. Section D17-12.0 of the code expressly provides that a conveyance to the City of New York or by the City of New York passes title to such property in fee simple absolute, and the section does not contain the language which is in section 154 of the Tax Law which provides that the sale of such property is subject to ‘ ‘ all easements or rights of way affecting such real estate ’ ’.
Ordinarily, summary judgment may not be granted unless it clearly appears that there is no material and triable issue of fact presented (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395). The question of intent to create a merger is, however, ordinarily a question of fact (Matter of Nochomov, 206 Misc. 290) and generally cannot and should not be disposed of upon affidavits. However, the court may not close its eyes to the physical facts in this case. Here there was a sewer running across many parcels of land, including that which is the subject matter of this litigation. Wiping out the easement already referred to would make the rest of the sewer useless for all other parcels of property, unless the city at the same time proceeded to divert the course of such sewer by doing extensive work at an undoubtedly great deal of expense. Nothing in the papers before the court shows that the defendant will be able to defend this action by showing that there was ever any intent on the part of the city to wipe out this easement when it conducted *1008 its in rem foreclosure proceeding and hereby took title to the land. Indeed, it would be contrary to experience and the probabilities that the city would ever voluntarily take such a step for the purpose merely of acquiring this one piece of property. Dean Boscoe Pound once stated that “ The intuitions of courts derived from experience are sometimes better than their reasoning ” (Jan.-Feb., 1960, Case and Comment, p. 10). To suggest that the issue of the intent of the City of New York as to the possible merger of its greater and lesser titles in this parcel of real estate should have to be subject to a trial, is contrary to all experience in such matters. Since it undoubtedly was the intent of the City of New York to at all times preserve its right to maintain the sewer on this property when it acquired the title and when it passed title on to someone else, the court holds as a matter of law that the easement which the city originally had prior to its in rem foreclosure proceeding was never merged in its greater title when it became the owner in fee simple at the conclusion of such proceedings. Under such circumstances, if the easement remained in full force and effect, then defendant was unable to give a good and marketable title to this property which would “ not prohibit the erection of an apartment house built up to the building line.” Accordingly, there is nothing to be tried, since under such circumstances plaintiff is entitled to the return of its déposit.
Defendant’s motion for summary judgment is in all respects denied. Plaintiff’s motion for summary judgment is in all respects granted.